89 So.2d 671 (1956)
ORANGE PLUMBING & HEATING COMPANY, a Florida corporation, Appellant,
v.
Fred L. WOLFE and Clermont Builders Supply, Inc., a Florida corporation, Appellees.
Supreme Court of Florida. Special Division A.
September 28, 1956.
Bentley, Zoller & Walker, Orlando, for appellant.
Morse & Smith, Clermont, and R.P. Hamlin, Tavares, for appellees.
HOBSON, Justice.
This is an appeal by Orange Plumbing & Heating Co., one of the defendants below, from a final decree foreclosing a mortgage free of any claim of lien by appellant and dismissing appellant's counterclaim.
Appellee, Fred Wolfe, filed a complaint in the circuit court seeking to foreclose a mortgage. Appellant was made a party defendant because it had filed a materialman's claim of lien against the real property involved on October 9, 1954. Appellee prayed for a cancellation of appellant's claim of lien and for a decree holding the lien to be inferior and subordinate to the mortgage. Appellee also alleged that the mortgagors had executed a second mortgage on the property involved in the Clermont Builders Supply, Inc., and prayed that the sale of the property be ordered.
Appellant Orange Plumbing & Heating Co. filed motions to dismiss and to strike, but before determination thereof filed an answer and counterclaim, the latter pleading naming appellee, the mortgagors, and Clermont Builders Supply, Inc., as parties defendant.
Appellee and Clermont Builders Supply, Inc., moved to strike appellant's answer for insufficiency and to dismiss the counterclaim on the ground that it failed to state a cause of action.
After hearing, the chancellor entered findings that appellant's pleadings failed to show delivery to the land-owner of a sworn statement concerning payment of lienors as provided by F.S. Sec. 84.04(3), F.S.A., and that defendant's claim of lien was invalid because it sought a lien on two lots instead *672 of one. Based on these findings, the chancellor granted the motions to strike the answer and dismiss the counterclaim. After finding it to be uncontradicted in the pleadings that the mortgage was recorded prior to the visible commencement of construction upon which appellant's claim of lien was founded, the chancellor entered a final decree foreclosing appellee's mortgage free and clear of any lien by appellant.
As to the appellant, the final decree complained of was summary in character and based upon pleadings, exhibits and depositions. The chancellor was apparently of the opinion that appellant's pleadings were insufficient and that there was no issue to be tried. Although appellant contends that it should have been permitted to amend its counterclaim to allege delivery to the owner of a sworn statement in compliance with F.S. Sec. 84.04(3), F.S.A., as it states that it did in fact, we do not consider it necessary to resolve the issue, because under the allegations of the counterclaim no sworn statement was necessary. It appears that the owner was functioning as his own contractor, and throughout the dealings here under scrutiny the appellant was directly in privity with the owner. As for the conclusion of the chancellor that the defendant's claim of lien was invalid, this was in error since F.S. Sec. 84.04, F.S.A. contains an exception for a person who contracts directly with the owner. In this case it was unnecessary that any notice of claim of lien be filed. See Maule Industries, Inc., v. Trugman, Fla., 59 So.2d 27, which is controlling on these points. The counterclaim is therefore sufficient as a matter of law and requires an answer and trial of the issues presented.
The chancellor's finding that it is uncontradicted in the pleadings that the mortgage was recorded prior to the visible commencement of construction is refuted by the second defense to the answer, wherein it is stated that the lien is founded upon services rendered and materials furnished by appellant in the course of construction of a building, "and said construction was visibly commenced prior to the time that plaintiff's mortgage was recorded in the public records of Lake County, Florida." The remainder of the answer consists mainly of denials or averments that the defendant (appellant) is without knowledge of matters alleged in specific paragraphs of the complaint. This answer is drafted in accordance with the rules and should not have been stricken by the chancellor.
It follows that the judgment appealed from must be, and is hereby reversed and the cause remanded for further proceedings not inconsistent with this opinion.
DREW, C.J., and TERRELL and ROBERTS, JJ., concur.