ALLEN, Judge.
This is an appeal from an order entered August 26, 1957, dismissing the complaint of G. W. Pope, doing business as G. W. Pope Company, on a motion filed by the Bartow Federal Savings and Loan Association who had intervened in the cause. The complaint sought to foreclose a mechanic’s lien.
The complaint of the plaintiff alleged that the defendant Frank A. Carter and wife, and Donald Hudson and wife, and O. L. Barlow were owners in fee simple of certain properties described therein; that the defendants doing business as Mulberry Home Builders entered into an agreement with the plaintiff to furnish materials and perform the work upon the real property according to a written contract, which is *659 attached to the complaint; that the plaintiff furnished the materials and performed the work; that the plaintiff, in compliance with Section 84.04(3) Florida Statutes, F.S. A., filed his claim of lien within three months of the last furnishing of materials or labor.
The exhibit attached to the complaint shows that the work done and the materials supplied was for fill dirt and grading. Exhibit “D”, which was the claim of lien filed, was for performing and furnishing labor, services and materials in the grading, paving and curbing of streets or roads and filling in and grading certain portions of certain described real property which was owned by the defendants who were developing said property under the firm name and style of Mulberry Home Builders.
The Bartow Federal Savings and Loan Association, a corporation, filed a motion to intervene and to dismiss the complaint. The motion to dismiss was granted by the Circuit Judge, only one ground of which we shall note in this opinion. Such ground was that the complaint failed to allege plaintiff had complied with Section 84.04(3) Florida Statutes, F.S.A., which Section requires a contractor to give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full, or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services or material. Such Section further provides that the contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not having given the owner such statement under oath.
The plaintiff, appellant here, argues that .he was not required to give the sworn statement required by the above Section for the reason that the owners were their own contractors and that plaintiff was, therefore, a sub-contractor, citing as authority the cases of Orange Plumbing & Heating Company v. Wolfe, Fla.1956, 89 So.2d 671; Richard Store Company v. Florida Bridge & Iron, Inc., Fla.1954, 77 So.2d 632.
Section 84.04 Florida Statutes, F.S.A., defines a contractor as a person other than a materialman or laborer who enters into a contract with the owner of real property for improving it, etc. The complaint filed showed that the contract of the plaintiff was with the owner of the property. There is nothing in the complaint to show that the plaintiff was dealing with the owner in any capacity other than owner of the property. It would be possible under our lien laws for the owner of certain property also to be the builder of houses on the property, dealing with various individuals as sub-contractors for work to be done in the completion of the houses, such as plumbing, electrical work, plastering, and other allied artisan work, and yet contracting as the owner of the property with other individuals as general contractors, such as the plaintiff, in building roads, sewage systems, etc., in the subdivision being developed.
We are of the opinion that the plaintiff in this case was a contractor with the owners and had the duty of furnishing the .statement required under Section 84.04 (3) Florida Statutes, F.S.A. The Florida Supreme Court, in Hardee v. Richardson, Fla.1950, 47 So.2d 520, and in Moore v. Crum, Fla.1953, 68 So.2d 379, held that unless the sworn statement is given within one year after the contractor has filed his claim of lien, the contractor’s lien is lost.
We do not construe the cases cited by the appellant as contrary to the enunciation of law set forth in Hardee v. Richardson, supra, and Moore v. Crum, supra.
We are of the opinion that the lower court was correct in granting the motion to dismiss.
Affirmed.
. KANNER, C. J., and DREW, E. HARRIS, Associate Judge, concur.