PER CURIAM.
Defendant moved for summary decree, submitting an affidavit and exhibits in support of the motion. Plaintiff having failed to serve or file any opposing affidavit, deposition, or evidence, the court, under Rule 1.36, 1954 Florida Rules of Civil Procedure, 30 F.S.A., entered the summary final decree pursuant to defendant’s motion; and plaintiff appeals.
The suit below was brought in chancery by plaintiff, a contractor as defined by section 84.01, Florida Statutes, to foreclose a lien upon real property of defendant owner for labor performed and materials furnished by plaintiff toward and in the improvement of defendant’s real property pursuant to an alleged verbal agreement entered into between the parties on or about April 1, 1959. The court, in its final decree, set out, that section 84.04(3), Florida Statutes, F.S. A., appeared to be applicable, that failure of the plaintiff to give the owner a statement under oath as required by the named section within one year after the filing of plaintiff’s claim of lien is not disputed, and that there was therefore no genuine issue as to any material fact.
In Florida, the law is well-rooted that unless the sworn statement required by the cited statutory provision is given within one year after the contractor has filed his claim of lien, the contractor loses his lien. See Moore v. Crum, Fla. 1953, 68 So.2d 379; Pope v. Carter, Fla.App.1958, 102 So.2d 658. In the court below, there was no contention that plaintiff within the specified one year after filing of its claim of lien gave the defendant owner the requisite statement under oath; nor, we note, is such a claim urged in plaintiff’s brief on this appeal.
There appearing to be no genuine issue of any material fact to preclude entry *587 of the appealed decree, the summary final decree, therefore, is affirmed.
Affirmed.
ALLEN, Acting C. J., KANNER, J., and McCORD, GUYTE P., Jr., Associate Judge, concur.