160 So.2d 556 (1964)
W.H. BROWN and Edith Q. Brown, his wife, Appellants,
v.
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF NEW SMYRNA, a corporation existing under the laws of the United States of America, et al., Appellees.
No. E-201.
District Court of Appeal of Florida. First District.
January 28, 1964.
Rehearing Denied February 28, 1964.
*558 Duffett & Stanier, Daytona Beach, for appellants.
Gillespie & Gillespie, New Smyrna Beach, for appellees.
STURGIS, Chief Judge.
Appellants seek reversal of a final decree dismissing their amended complaint to foreclose a mechanics' lien against Masterbilt Contractors, Inc., the property owner, and against other parties defendant, as junior lien holders, for failure to state a cause of action entitling plaintiffs to the relief sought. We affirm.
The transactions resulting in this suit occurred in 1960 and are governed by Chapter 84, Florida Statutes 1959, F.S.A., commonly known as the Mechanics' Lien Law, which was extensively revised by Chapter 63-135, Laws of Florida, Acts 1963. Unless otherwise indicated, statutory references herein relate to Florida Statutes 1959.
The amended complaint alleges that on January 30, 1960, plaintiffs and Masterbilt Contractors, Inc., the defendant owner of 28 separate lots or parcels of improved real property against which foreclosure is asserted, made an oral contract whereby plaintiffs agreed to furnish and install all plumbing materials and fixtures to be incorporated in each building and dwelling located on the subject realty; that at all pertinent times said owner also functioned as its own "contractor" and was therefore both the "owner" and "contractor" or "builder" of the improvements erected and to be erected upon the land against which the lien was asserted; that Masterbilt was therefore functioning as a general contractor in connection with the development of its property and that plaintiffs, under all the facts alleged by the complaint, were engaged as subcontractors to furnish certain labor and materials in completing the plumbing in each of several dwelling houses constituting the improvement. The foregoing allegations were apparently incorporated in an effort to bring the case within the purview of appellants' interpretation of and reliance on the hereinafter discussed cases of Orange Plumbing & Heating Company v. Wolfe, 89 So.2d 671 (Fla. 1956), and Pope v. Carter, 102 So.2d 658 (Fla.App. 1958). Attention is here directed to the fact that the allegations to that intent are the pleaders' conclusions of law and that the same are negatived by our determination of the applicable law in the light of the other allegations of fact contained in the complaint and exhibits thereto.
*559 The complaint further alleged that the contract price was $21,538.00 and extras amounted to $996.42, making a total of $22,534.42, of which a balance of $11,956.42 remained due and owing; that said defendant supervised the building of the improvements, consisting of dwellings and appurtenances, erected and to be erected upon the several lots or parcels of land and made contracts with others to perform certain jobs and furnish materials necessary for completion of the whole project; that pursuant to said agreement the plaintiffs, under the general supervision of the defendant owner, furnished the plumbing fixtures and materials on each of said parcels of land and performed all work necessary to the installation thereof; that on June 14, 1960, and June 20, 1960, they caused to be filed and recorded a claim of mechanics' lien against said real property and served a copy thereof on the defendant owner.
It is also alleged, in general terms, that mortgage liens of certain defendants (Masterbilt Contractors, Inc., Commonwealth Investment Co., Inc., Edwin D. Davis, Dunn Lumber and Supply Company, a partnership, and Max I. Ossinsky) as shown by the public records are inferior to plaintiffs' liens in foreclosure; and as to one of the defendants, First Federal Savings & Loan Association of New Smyrna, it is specifically alleged that mortgage liens claimed by it upon certain parcels of the subject real property are subordinate to the liens sought to be foreclosed because the mortgages under which it claims were recorded subsequent to the visible commencement of operations by plaintiffs in the construction of the improvements on each of said parcels. Plaintiffs also allege that the labor and materials which they furnished were part of a single construction project of the defendant property owner for the development of said lots or parcels of land under a common plan; and that their contract with the owner related to the entire project.
The complaint further charged that certain defendants severally acquired legal title to certain lots or parcels of the subject property subsequent to the time that plaintiffs' said liens became in full force and effect, and that, with the exception of defendants Owen A. Keene, Jr., and wife and Carl W. Flint and wife, plaintiffs' claims of lien were recorded prior to recordation of the muniments of title of the defendants falling within this class.
The questions of law involved are:
First. Whether the amended complaint alleges facts sufficient to show that under the contract in suit plaintiffs were "subcontractors" and the defendant owner was the "contractor" within the meaning of the Mechanics' Lien Law, thus relieving plaintiffs of the need to show that the owner-contractor was furnished with the "sworn statement" required by section 84.04(3), Florida Statutes, F.S.A.
Second. In a suit to foreclose a mechanics' lien decrees pro confesso were entered against certain defendants alleged to have claims of lien inferior to the claims asserted by plaintiffs. Thereafter, on motion of a defendant holding a claim having no relation to the claims of said defendants against whom the decrees pro confesso had been entered, the complaint was dismissed as to the movant and also as to said defendants against whom the decrees had been entered, because of plaintiffs' failure to comply with section 84.04(3), Florida Statutes, F.S.A. Was it error under such circumstances to dismiss the complaint as to the latter group of defendants?
The complaint fails to allege that plaintiffs furnished the owner with the sworn statement required by F.S. § 84.04(3), F.S.A. The order of dismissal correctly recites: "This Court is of the opinion that such statement or affidavit must be furnished as a prerequisite to a valid mechanics lien." See Allied Florida Corporation v. Round, 147 So.2d 586 (Fla.App. 1962); Stern v. Perma-Stress, Inc., 134 So.2d 509 (Fla.App. 1961); Belcher v. Russell, 128 So.2d 623 (Fla.App. 1961); Moore v. Crum, 68 So.2d 379 *560 (Fla. 1953). Section 84.04(3), Florida Statutes F.S.A., provides:
"When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services, or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath."
The appellants, relying on Orange Plumbing & Heating Company v. Wolfe, 89 So.2d 671 (Fla. 1956), contend that since the complaint herein alleges that their contract with the owner was limited to the furnishing and installation of plumbing materials in each of the dwelling houses and appurtenances constructed upon the several lots or parcels of real property against which the lien is asserted, and since the same was furnished in connection with a multiple building program supervised by the defendant owner, the transaction is one in which the latter occupied the relation of "owner-contractor" and plaintiffs that of "subcontractor," and that consequently appellants were not required to furnish the sworn statement prescribed by F.S. § 84.04(3), F.S.A. Our analysis of the cited case, in its application to the facts alleged by the complaint in the case on review, which for the purposes of the motion to dismiss and this appeal are accepted as true, does not support that contention.
Orange Plumbing & Heating Company v. Wolfe, supra, was a suit by Wolfe to foreclose a mortgage. The appellant plumbing company was made a party defendant because it had filed a materialman's claim of lien against the mortgaged realty. Appellant filed motions testing the form and sufficiency of the complaint, but before determination thereof filed an answer and counterclaim, naming the plaintiff mortgagor, the property owner, and other lienors as cross-defendants. The appellee and another cross-defendant moved to strike the answer for insufficiency and to dismiss the counterclaim on the ground that it failed to state a cause of action. After hearing, the chancellor made findings that the counterclaim failed to show delivery to the landowner of a sworn statement as provided by F.S. § 84.04(3), F.S.A. and that appellant's claim was invalid because it sought a lien on two lots instead of one, and on that basis granted said motions of the cross-defendants. The chancellor then found that the pleadings reflected without contradiction that the mortgage was recorded prior to the visible commencement of construction upon which counterclaimant's claim of lien was founded and entered a final decree foreclosing the mortgage free and clear of any lien by appellant. As to appellant the decree was based upon the pleadings, exhibits and depositions, and was therefore summary in character. The Florida Supreme Court reversed, holding that
"* * * under the allegations of the counterclaim no sworn statement was necessary. It appears that the owner was functioning as his own contractor, and throughout the dealings here under scrutiny the appellant was directly in privity with the owner. As for the conclusion of the chancellor that the defendant's claim of lien was invalid, this was in error since F.S. Sec. 84.04, F.S.A. contains an exception for a person who contracts directly with the owner. In this case it was unnecessary that any notice of claim of lien be filed. See Maule Industries, Inc., v. Trugman, Fla., 59 So.2d 27, which is controlling on these points. The counterclaim is therefore sufficient as a matter of law *561 and requires an answer and trial of the issues presented."
As another ground for reversal, the court held that Orange Plumbing by its answer controverted the allegation of the complaint that the mortgage in foreclosure was recorded prior to the visible commencement of construction and that the chancellor erred in finding to the contrary, thus precluding entry of the summary final decree.
It is seen, therefore, that where a subcontractor is involved the general contractor ordinarily must furnish the sworn statement as a condition precedent to the right to maintain an action to foreclose the lien. That requirement being jurisdictional, it is elemental that when the sufficiency of a complaint seeking foreclosure of a mechanics' lien is tested by a motion to dismiss for failure to state a cause of action, dismissal is proper unless the complaint shows that the sworn statement was furnished or alleges facts clearly avoiding the necessity to furnish it, and the circumstances peculiar to each case govern. Where the facts are such that any doubt exists as to whether the sworn statement is required, the issue should be resolved in favor of strict compliance with the statutory requirement because, first, the Mechanics' Lien Law affords the lienor a right not accorded by the common law, and secondly, the statutory sworn statement was designed to protect the property owner against very real dangers inherent in the creation of the lien upon his property.
Generally it may be said that where the owner contracts directly with one whose only obligation is to alone render personal services incident to the improvement, or with a materialman whose only obligation is to furnish materials to the project, and if the contract is one which under customary business practices excludes the notion that the services of a subcontractor are likely in order to consummate it, then the rule stated in Maule Industries and followed in Orange Plumbing, supra, is applicable and does not do violence to the legislative intent expressed by F.S. § 84.04(3), F.S.A. However, where as in this case the property owner contracts with one who undertakes to furnish labor and materials, either or both, incident to distinct phases of a multiple improvement and over-all project, the transaction takes on the character of one which under normal business practices is likely to or may be prosecuted by means of subcontracts involving the furnishing of labor and materials, either or both, by third parties; and under such circumstances the efficient purpose served by the sworn statement is apparent. See Belcher v. Russell, 128 So.2d 623 (Fla.App. 1961).
In Hardee v. Richardson, 47 So.2d 520 (Fla. 1950), cited by appellants, the plaintiffs in foreclosure of a mechanics' lien failed to allege service on the owner of the sworn statement required by F.S. § 84.04(3), F.S.A. Defendants did not attack the sufficiency of the complaint but filed an answer denying that plaintiffs had complied with the Mechanics' Lien Law. The trial court thereafter denied plaintiffs' effort to amend the complaint by alleging compliance with said statute. On appeal our supreme court held that the sworn statement was not necessary to the acquisition of the lien but operated to protect the owner against the possibility of paying more than once for the same item of labor or materials and afforded the owner the right, without being deemed in default, to withhold payments due on the general contract until proof had been given that subcontractors, materialmen and laborers had in fact been paid. The court held, however, that under the rules of procedure then in effect facts occurring after the institution of the suit might be introduced by way of amendment to and used in support of the equity of the bill. See sections 63.27, 63.30, Florida Statutes 1941, F.S.A. On that premise the court found that the trial court erred in denying plaintiffs leave to amend their complaint. This case is of no import to the problem on the instant appeal.
It is well settled that under Chapter 84, Florida Statutes, F.S.A., as it existed at all *562 times pertinent hereto, the lien initially attached without necessity for formal notice thereof to be given to the owner, and that it became lost unless in due time the sworn statement required by F.S. § 84.04(3), F.S.A. was given to the owner. Pope v. Carter, 102 So.2d 658 (Fla.App. 1958); Moore v. Crum, 68 So.2d 379 (Fla. 1953).
In Pope v. Carter, supra, a decree finally dismissing a complaint to foreclose a mechanics' lien was affirmed on the ground that the claimant failed to show compliance with F.S. § 84.04(3), F.S.A. There, as in the case on appeal, the claimant sought to be excused from compliance on the theory that he was a subcontractor under the rationale of Orange Plumbing & Heating Company v. Wolfe, supra, and Richard Store Company v. Florida Bridge & Iron, Inc., 77 So.2d 632 (Fla. 1954). In rejecting that contention the Florida Supreme Court said (page 659):
"Section 84.04 Florida Statutes, F.S.A., defines a contractor as a person other than a materialman or laborer who enters into a contract with the owner of real property for improving it, etc. The complaint filed showed that the contract of the plaintiff was with the owner of the property. There is nothing in the complaint to show that the plaintiff was dealing with the owner in any capacity other than owner of the property."
And the court added by way of obiter dicta:
"It would be possible under our lien laws for the owner of certain property also to be the builder of houses on the property, dealing with various individuals as sub-contractors for work to be done in the completion of the houses, such as plumbing, electrical work, plastering, and other allied artisan work, and yet contracting as the owner of the property with other individuals as general contractors, such as the plaintiff, in building roads, sewage systems, etc., in the subdivision being developed."
The primary parties to this cause were clearly in privity under the subject contract. The materials were furnished and installed directly by appellants as contractor to the owner-appellee as such. Hence the appellants do not occupy the relation of "sub-contractors" to the appellee as "owner-contractor," and the filing of their claim of lien does not operate to supply the void created by their failure to furnish the sworn statement.
To summarize: The rights and relationship of the contracting parties under the Mechanics' Lien Law depends on the nature of the work performed and/or materials furnished, as well as compliance with the statute according to the facts peculiar to each case. Where, as in this case, the party asserting the lien seeks to be excused from compliance with F.S. § 84.04(3) F.S.A., as a condition precedent to the right to maintain an action to enforce the lien, it is a question of law as to whether the facts alleged by the complaint are sufficient to that purpose. It is necessary for the claimant of the lien to fully plead, as well as to establish, facts excusing compliance with F.S. § 84.04(3), F.S.A.
While dicta in the Orange Plumbing case, supra, indicates that under some circumstances the relationship of "subcontractor" and "owner-contractor" as there defined might come to exist between the materialman and the property owner, respectively, so as to relieve the former of the necessity to furnish the sworn statement prescribed by F.S. § 84.04(3), F.S.A., we note that there does not appear to be a reported case in this jurisdiction applying that concept in favor of one whose right to maintain a suit to foreclose the lien has been challenged for failure to furnish such statement.
The property owner may, of course, waive the right to the sworn statement or become estopped in a given case to require it. Absent such circumstances, however, the statement is an essential prerequisite to the preservation of the lien, and the *563 statutory requirement is not avoided by the fact that the property owner personally supervised the phase of the improvement in connection with which the lien is asserted. In such instances the contract with the owner, though covering only a phase of the over-all project, is nevertheless primary in character and the "contractor," as that term is defined by the statute, enjoys no special status simply because he engages to perform only a part of the work.
The rule of reason applies here, as elsewhere in the law. So it is that where the contract by its very nature is one that cannot entail the services of a subcontractor or the furnishing of labor or materials by another, the sworn statement could not serve any useful purpose and should not be required. This, we think, is the rationale of the dicta in the Orange Plumbing case, on which appellants heavily rely. The contract in suit does not meet the test by which to create the exception thus urged.
Appellants correctly cite the rule that upon considering the motion to dismiss the complaint for failure to state a cause of action, the chancellor was required to accept as true all well-pleaded allegations thereof, and on that premise insist that since the complaint alleges that plaintiffs contracted as a subcontractor and Masterbilt Contractors, Inc., functioned and acted not only as owner but also as "general contractor," these allegations must be taken as true and that consequently plaintiffs were not required to furnish the owner-general contractor the affidavit called for by F.S. § 84.04(3), F.S.A., that if any doubt exists in respect to said allegations, it should be resolved only upon the evidence on a trial upon the merits. We do not accept that contention because the over-all allegations of the complaint affirmatively show that in this transaction the plaintiffs have the relation of a general contractor to the owner, Masterbilt Contractors, Inc. Semantics cannot be employed for the purpose of refuting facts clearly shown to exist or used to create a fictional relationship, one that otherwise would have no existence in the law.
The statutory definition of the term "Contractor" (F.S. § 84.01  Definitions) as a person other than a materialman or laborer who enters into a contract with the owner of real property for improving it, or who takes over from a contractor as so defined the entire remaining work under such contract, seems to exclude the concept that the owner may also be a contractor for the simple reason that one cannot contract with himself. It is unnecessary on this appeal to define the relationship between a subcontractor and an owner who takes over from a contractor the entire remaining work under a contract between the owner and a general contractor. Suffice it to say that although the owner may be performing or supervising some of the work on the project, those with whom he contracts directly to furnish labor and materials, other than a laborer or materialman, are themselves contractors within the definition of that term as contained in the Mechanics' Lien Law.
Jurisdiction to entertain an action to foreclose a mechanics' lien does not exist unless the lien is valid and subsisting, and the complaint must reflect these facts. The failure of the complaint herein to make such showing was fatal to all phases of the suit, including the attempt to foreclose the interests of the alleged defendant junior lienors against whom decrees pro confesso had been entered. It follows that when on motion of another alleged junior lienor it was determined that plaintiffs were not entitled to maintain the action, the suit was properly dismissed as to all parties.
Affirmed.
WIGGINTON and RAWLS, JJ., concur.