287 So.2d 365 (1973)
EASTLAND INVESTMENT COMPANY, an Ohio Corporation, Appellant,
v.
J.R. TRUEMAN & ASSOCIATES, INC., an Ohio Corporation, and Mark D. Feinknoff, et al., Appellees.
No. 73-987.
District Court of Appeal of Florida, Third District.
December 18, 1973.
Rehearing Denied January 21, 1974.
*366 Heiman & Crary and Howard W. Mazloff, Miami, for appellant.
Copeland, Therrel, Baisden & Peterson and Howard A. Setlin, Miami Beach, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
By way of this interlocutory appeal, defendant-appellant seeks review of the chancellor's order denying defendant's motion for summary judgment and motion for judgment on the pleadings and granting plaintiff-appellees' motions to strike certain affirmative defenses.
Plaintiff-appellee J.R. Trueman & Associates, Inc. (referred to herein as Trueman), an Ohio corporation, filed a complaint to foreclose a mechanic's lien and alleged therein that plaintiff (as contractor) entered into an agreement on April 19, 1973 with the defendant (as owner), Eastland Investment Company, also an Ohio corporation, to manage and supervise the construction of an office complex upon real estate located in Dade County, Florida and owned by the defendant-appellant. Trueman alleged further that it did substantial work in connection with the acquisition and development of the subject properties until appellant, which had agreed to bear all costs incurred in construction, directed Trueman to discontinue performance due to rising costs and demanded a guarantee cost. Prior to this time, Trueman had entered into preliminary negotiations with *367 potential subcontractors, but did not proceed further.
Plaintiff-appellee Feinknopf, Feinknopf, Macioce and Schappa, an Ohio architectural partnership firm (herein referred to as Feinknopf), also instituted an action to foreclose a mechanic's lien against the defendant and alleged that plaintiffs had entered into an oral agreement with the defendant-appellant to prepare architectural drawings for construction of the same office complex; that between March 4, 1972 and May 26, 1972 plaintiffs furnished the contracted professional services, the total of which was $72,275.35 of which only $5,171.32 was paid, leaving a balance due to plaintiffs of $67,104.03.
Plaintiff-appellee Trueman claimed that it was due from the defendant $89,009.10 which included the $67,104.03 architectural fee sought by plaintiff-appellee Feinknopf. Both cases were consolidated and after discovery by written interrogatories, defendant filed its motions for summary judgment and judgment on the pleadings. Plaintiff-appellees filed motions to strike certain affirmative defenses of appellant. After oral argument thereon, the chancellor denied defendant's motions and granted plaintiffs' motions, from which defendant appeals.
On appeal, defendant-appellant first contends that the court erred in holding that persons alleged to be in privity with the owner could maintain an action to enforce a mechanic's lien without having furnished the sworn statement required by Florida Statutes § 713.06(3)(d)(1), F.S.A.
Ordinarily, the general contractor must furnish the sworn statement as a condition precedent to the right to maintain an action to foreclose a mechanic's lien unless the complaint alleges facts clearly avoiding the necessity to furnish it, and the circumstances peculiar to each case govern. Brown v. First Federal Savings & Loan Association of New Smyrna, Fla.App. 1964, 160 So.2d 556.
Turning to the case sub judice, plaintiff-appellee Feinknopf is an architectural firm which is seeking to recover for its professional services and, therefore, is not a contractor within the meaning of F.S. § 713.06(3)(d)(1), F.S.A. For where, as in the instant case, the owner contracts directly with one whose only obligation is to alone render personal services incident to the improvement and the contract is one which under customary business practices excludes the notion that the services of a subcontractor are likely in order to consummate it, then the sworn statement required by F.S. § 713.06(3)(d)(1), F.S.A., is not required. See Maule Industries, Inc. v. Trugman, Fla. 1952, 59 So.2d 27; Orange Plumbing & Heating Company v. Wolfe, Fla. 1956, 89 So.2d 671; and Brown, supra.
As to plaintiff-appellee Trueman, the facts demonstrate that Trueman, although a contractor, had proceeded no further than entering into preliminary negotiations with subcontractors, thereby precluding the necessity of furnishing the sworn statement as a condition precedent to maintaining the mechanic's lien foreclosure action.
Therefore, this contention of appellant must fail.
We considered appellant's remaining points on appeal and found them to be without merit.
Accordingly, the judgment is affirmed.
Affirmed.