PER CURIAM.
Plaintiff-appellant appeals from an order granting defendants’ motion to dismiss appellant’s amended complaint with prejudice. The dismissal was based on the grounds that (1) plaintiff failed to allege in the amended complaint that he delivered to defendants, at least five days prior to filing of the cause, an affidavit of indebtedness or lack thereof pursuant to Fla.Stat, § 713.06(3) (d) (1), F.S.A., and (2) the sum of plaintiff’s claim ($880) as set out in count II was not of sufficient sum to come within the jurisdiction of the circuit court.
In August 1972 plaintiff-appellant filed an amended complaint for lien foreclosure. In essence this complaint alleged the following: that on October 24, 1971 the plaintiff entered into a written agreement with the defendants for the purpose of painting the exterior of the home of the defendants; that plaintiff and defendants were in privity with each other and no part of the work, labor or materials, was subcontracted by the plaintiff; that upon completion of the work, plaintiff billed defendants in the sum of $830 for his work, labor, material and supplies, but defendants have failed and refused to pay same; that in order to protect the plaintiff’s lien rights against said property, plaintiff filed a claim of lien and a true copy thereof was served upon the defendants; that defendants did not deal with anyone else other than the plaintiff or his payroll employees. The complaint demanded judgment in the principal sum of $880, together with interest, costs, and reasonable attorney’s fees.
We are of the opinion that the complaint has merit to warrant the reversal of the dismissal by the trial judge for the following reasons.
It is basic that for the purpose of passing on a motion to dismiss, all material allegations of the complaint and all reasonable inferences therefrom are taken as true. 25 Fla.Jur. Pleading § 127 (1959) and cases cited therein.
In respect to the ground for dismissal of the amended complaint that the cause of action alleged therein was not maintainable because the plaintiff contractor had not served upon the owners of the property an affidavit in accordance with the provisions of section 713.06(3)(d)(l), Fla.Stat., F.S.A., suffice it to say that according to the allegations of the amended complaint there were no subcontractors furnishing any work, labor, or materials to the plaintiff as a general contractor involved in this litigation and defendants who were in privity with plaintiff, dealt only with him or his payroll employees and, thus, the provisions of section 713.06 are not applicable. Maule Industries, Inc. v. Trugman et al., Fla.1952, 59 So.2d 27.
Further, where, as in the case sub judice, the owner contracts directly with one whose only obligation is to alone render personal' services incident to the im *479 provement and the contract is one which excludes the notion that the services of a subcontractor are needed to consummate it, then the sworn statement required by F.S. § 713.06(3) (d) (1) is excused. See Eastland Investment Company v. J. R. Trueman & Associates, Inc. et al., Fla.App. 1973, 287 So.2d 365 and cases cited therein.
Therefore, we hold the trial judge erred in dismissing the amended complaint on the above grounds and, hence, it is not necessary at this time for this court to determine the correctness vel non of the dismissal of count II of the amended complaint.
Accordingly, the trial court’s order dismissing the claim of plaintiff with prejudice is hereby reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.