348 So.2d 1202 (1977)
The LEADER MORTGAGE COMPANY, Appellant,
v.
RICKARDS ELECTRIC SERVICE, INC., a Florida Corporation, Appellee.
No. 76-1079.
District Court of Appeal of Florida, Fourth District.
July 22, 1977.
*1203 Arnold T. Blostein of Arnold T. Blostein, P.A., Fort Lauderdale, for appellant.
E. Clay Shaw, Jr., of Huebner, Shaw & Bunnell, P.A., Fort Lauderdale, for appellee.
LETTS, Judge.
The final money judgment entered against the Leader Mortgage Company (appellant) and the Bruscino Construction Company, as same pertains to these two companies, is hereby affirmed. As said final judgment affects the real estate owned by Cleveland Trust Company, it is hereby reversed.
This particular suit was filed by appellee as a two count complaint, the first seeking foreclosure of a statutory mechanic's lien and the second sounding in breach of an oral contract.
Thereafter, a non-jury trial was held resulting in a final judgment for the appellee against the above named defendants which we must assume, and which the parties now before us have assumed, found for the appellee, as to both counts, by use of the following language in said judgment:
The material allegations of the complaint have been proved by competent substantial evidence and the equities in this cause are with the plaintiff,
although such a finding as to both counts is not otherwise spelled out.
To arrive at his conclusion, the trier of the fact chose to believe the testimony of the appellee's witness (that there was an oral contract entered into) in preference to that of the witness for the defense, who testified otherwise. We see nothing in the record to suggest that the trial judge was in error in doing so, and no abuse of discretion has been shown. Accordingly, the final money judgment against the Leader Mortgage Company and the Bruscino Construction Company is hereby affirmed.
However, in addition to the entry of the foregoing money judgment, the trier of the fact decreed that:
Plaintiff has a lien to secure the payment of the above itemized sum against the property described in Exhibit "A" attached hereto.
In fact, the property (real estate) upon which the trial judge placed this paramount lien was owned by a third defendant, namely the Cleveland Trust Company, against *1204 which the final judgment was not entered. From this deliberate omission, the said Cleveland Trust Company was specifically relieved of liability from said money judgment. This being so, we must see if the mechanic's lien foreclosed was superior to the fee simple interest of the defendant, Cleveland Trust Company. We rule that it was not.
In March of 1973, the appellant, Leader Mortgage Company, (Leader) took and recorded an open end construction mortgage under the terms of which Leader loaned $1,200,000 to the owner, Bruscino Construction Company, one of the defendants below.
Thereafter, in June of the same year, the said owner entered into a direct contract with the appellee, Rickards Electric Service, Inc., for the latter to provide and do all electrical work on the building covered by the said construction mortgage. The following year, the owner incurred financial problems and Rickards was not paid in full. Shortly thereafter, Leader filed a lis pendens and a suit to foreclose its mortgage in July of 1974 and later assigned all of its rights to said mortgage to the defendant below Cleveland Trust Company, resulting in a final judgment of foreclosure of the mortgage in favor of both Leader and the Cleveland Trust Company in January of 1975.
Also in June and July of 1974, the appellee, Rickards Electric, was re-employed by Leader under the oral contract, found to be valid by the trial judge, but Leader breached said contract in July of 1974. Thereafter, Rickards waited until September of 1974 to file a claim of lien, and until January of 1975 to file its complaint to foreclose its mechanic's lien, which latter action resulted in the final judgment of foreclosure of said mechanic's lien now appealed from. The appellee, Rickards, was not named as a defendant in the previously filed lis pendens and mortgage foreclosure action.
The foregoing facts are somewhat complicated, but a single issue is dispositive of this case.
Specifically, the appellant argues that the appellee, Rickards Electric, is barred from enforcing its mechanic's lien because it failed to submit a contractor's affidavit under Section 713.06(3)(d)(1), Florida Statutes (1975). We agree. Said particular section of the Statute reads as follows:
(d) When the final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services or materials furnished under the direct contract while in default by reason of not giving the owner such affidavit. The contractor shall execute said affidavit and deliver it to the owner at least five (5) days before instituting suit as a prerequisite to the institution of any suit to enforce his lien under this chapter.
To this argument the appellee responds first, that the appellant never raised this issue, either by motion or affirmative defense, until trial and that by then it was too late to do so; second, by alleging that the work undertaken was never completed and so no final payment ever became due; and third, that it was only a sub contractor and therefore, not required to file any such affidavit.
As to the first argument, this particular section of the statutes was raised at the non-jury trial during both opening and closing statements. Also, under cross examination, the appellee's witness admitted that no such affidavit had been given. There were no objections raised as to the above at trial. We therefore reject the first argument under the authority of Garrett v. Oak Hall Club, 118 So.2d 633 (Fla. 1960), in which case the Supreme Court held that defenses not proffered but tried by express or implied consent of the parties may be treated as if raised by the pleadings and be made to *1205 conform to the evidence as late as, or after, judgment. We also note Brown v. First Federal of New Smyrna, 160 So.2d 556 (Fla. 1st DCA 1964), indicating that the filing of the affidavit is jurisdictional and "... a condition precedent to the right to maintain an action to foreclose the lien." Id. at 561.
As to the second argument, we are of the opinion that when the appellee, Rickards Electric, quit the job for the last time, he submitted a request for final payment of the total outstanding balance, which said appellee claimed was then due. Moreover, appellee, in its complaint, claimed the balance due on the entire contract, as if completed, and likewise set forth the same total balance due in its recorded claim of lien. Under the circumstances, we find it an unacceptable paradox for the appellee to argue that the final payment is due and payable, cashwise, but that it need not comply with the requirements of the statute because the final payment is not due, workwise. Such is a classic example of having your cake and eating it too.
As to the third argument that the appellee is only a subcontractor, we also find this without merit. The appellee made a direct contract with the owner and was in privity with said owner. The contract provided, inter alia, that appellee furnish all labor, tools, materials and equipment necessary to complete all electrical work, including master antenna and telephone raceway systems and the connecting up of all appliances. We recognize that the form of printed contract used by the parties identified the appellee as the "subcontractor" and the owner as the "general contractor;" however, notwithstanding this adaptation, the appellee falls within the definition of "contractor" under Section 713.01(2), Florida Statutes (1975), and is also subject to the provisions of Section 713.06(3), supra. We would refer again to Brown v. First Federal Savings of New Smyrna, supra, where pursuant to a contract with an owner/developer, a plumber agreed to furnish and install all plumbing materials and fixtures. In that case, the court held that:
Suffice it to say that although the owner may be performing or supervising some of the work on the project, those with whom he contracts directly to furnish labor and materials, other than a laborer or materialman, are themselves contractors within the definition of that term as contained in the Mechanics' Lien Law. Id. at 563.
The court also pointed out that any doubt as to whether the sworn statement is required should be resolved in favor of strict compliance with the Mechanics' Lien Law.
The appellees cite the case of Fontainebleau Hotel Corporation v. Lowry Electric Co., Inc., 269 So.2d 738 (Fla. 3rd DCA 1972), for the contra proposition that appellee was a mere subcontractor. We do not feel persuaded by that case. Not only are no facts set forth in Fontainebleau which would enable us to appreciate why the court found that particular electrical firm to be but a subcontractor, but in addition, the opinion would indicate that that defense was never raised. As has been discussed, this defense was raised in the case now before us.
Reversed in part and remanded for the trial judge to set aside that portion of the final judgment, creating a lien on the real estate referred to in Exhibit A to secure the payment of the money judgment.
The trial court is also directed to vacate the $2,500 attorneys fee award and remove it from the final judgment. This fee was awarded without a hearing, without testimony and without any affidavits. It was therefore improper and there are long lines of cases in agreement. See for example, Florida Silica Sand Co. v. Parker, 118 So.2d 2 (Fla. 1960), and Nivens v. Nivens, 312 So.2d 201 (Fla. 2nd DCA 1975). We do not remand this issue to the trial court to receive evidence, as to attorneys fees inasmuch as the improper award was predicated on appellee's success in the mechanic's lien foreclosure, which we have now reversed.
MAGER, C.J., concurs.
ANSTEAD, J., concurs in conclusion only.