360 So.2d 1278 (1978)
ATLANTIC GARDENS LANDSCAPING, INC., Appellant,
v.
BOCA RATON LAND DEVELOPMENT, INC. and American Fire and Casualty Company, Appellees.
Nos. 76-1114, 76-2111.
District Court of Appeal of Florida, Fourth District.
June 28, 1978.
Rehearing Denied August 16, 1978.
*1279 John A. Gentry, III, of Moyle, Gentry, Jones, Flanigan & Groner, West Palm Beach, for appellant.
Glen N. Smith and William H. Lefkowitz of Ruden, Barnett, McClosky, Shuster & Schmerer, Fort Lauderdale, for appellees.
DOWNEY, Chief Judge.
Appellant sued appellees to foreclose a mechanics lien. The complaint contained the usual allegations regarding ownership of the property, the contract between the parties, the performance of work and furnishing of materials, the filing of a claim of lien, the incurrence of attorneys' fees, the performance of all conditions precedent to maintain the action, and a prayer for foreclosure of its lien or rendition of a judgment for the amount due. The complaint contained no allegation that appellant had furnished appellees the affidavit required by Section 713.06(3)(d), Florida Statutes (1975).
Appellees did not attack the complaint by motion but instead answered the complaint and put at issue many of the vital allegations of the complaint and specifically denied the performance of all conditions precedent to foreclose a mechanics lien.
At the close of appellant's case in chief, appellees moved for a directed verdict on the grounds that appellant had not proven a cause of action because it had failed to prove it furnished appellees with the affidavit required by Section 713.06(3)(d) (1975). The trial court reserved ruling and heard the remainder of the case, after which the court granted appellees' motion and dismissed the claim for foreclosure of the mechanic's lien and, in due course, entered final judgment for appellant for breach of contract in the amount of $7,655.01.
Appellant appealed from both the order directing a verdict against it on the claim for a mechanic's lien and from the final judgment. The two appeals were consolidated. In our opinion the trial court ruled correctly on this record. Appellant's main contention is that it was not necessary for it to allege that it furnished the affidavit in question because the evidence shows there were no other subcontractors, laborers or materialmen under appellant who were unpaid. While we concede that there are circumstances where one can plead a cause of action to foreclose a mechanic's lien without alleging compliance with 713.06(3)(d)[1], this is not such a case. Here there is no pleading containing allegations to meet or to obviate the requirements of that section. In addition, there is no evidence in the record in appellant's case which proves that as a matter of fact the statutory section was either complied with or was not applicable. Thus, when appellees moved to dismiss (they actually moved for directed verdict) appellant had neither pleading nor proof to justify remaining in court. Appellant points to some testimony of Boca Raton Land Development's President adduced in appellee's case, but it was inadequate to meet appellant's burden and it came too late.
Appellant also suggests in its reply brief that appellant was not required to furnish the final payment affidavit in question because Appellee-Boca Raton Land Development, Inc., was both the owner and contractor. Appellant relies upon Orange Plumbing & Heating Co. v. Wolfe, 89 So.2d 671 (Fla. 1956), and Brown v. First Federal Savings & Loan Association of New Smyrna, 160 So.2d 556 (Fla. 1st DCA 1964), for the proposition that "the Supreme Court expressly sanctioned and confirmed the exception to the necessity of furnishing the sworn affidavit prior to the institution of suit where the owner was also the general contractor." This reliance upon those cases for that position is misplaced. The principle announced there relevant to this inquiry *1280 is that privity of contract between the lien claimant and the owner when the owner acts as his own contractor obviates the necessity of the lien claimant filing a notice of claim of lien and not the affidavit required by 713.06(3)(d) (which used to be found in 84.04(3), Florida Statutes (1959)). The fact that the owner is also acting as his own general contractor does not excuse a lien claimant who is a "contractor" within the meaning of Section 713.01(2), Florida Statutes (1975), from furnishing the affidavit required by Section 713.06(3)(d), Florida Statutes (1975).
Lastly, since appellant failed to recover on its complaint to enforce a mechanic's lien, it was not entitled to an award of attorney's fees. Nelson's, Inc. v. Halifax Construction Company, 305 So.2d 840 (Fla. 3rd DCA 1974).
The judgment and order from which these appeals were taken are affirmed.
AFFIRMED.
DAUKSCH, J., and BURNSTEIN, MIETTE K., Associate Judge, concur.
NOTES
[1] Brown v. First Federal Savings & Loan Association of New Smyrna, 160 So.2d 556 (Fla. 1st DCA 1964).