417 So.2d 1137 (1982)
W. Jack SOWERS Appellant,
v.
James M. HOENSTINE, d/b/a Oceanic Enterprises, Appellee.
No. 81-1442.
District Court of Appeal of Florida, Fifth District.
August 11, 1982.
*1138 Del G. Potter of Potter & Vason, Mount Dora, for appellant.
George L. Winslow, Jr., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Jack Sowers, defendant below, appeals from a final judgment in lien foreclosure. We reverse and dismiss.
Sowers engaged appellee James Hoenstine, d/b/a Oceanic Enterprises, to construct a concrete pad on his property. Dissatisfied with the work, Sowers refused to pay. Hoenstine filed a mechanic's lien and then sued to foreclose on the lien. A judgment for $9,700 plus $3,311.65 attorney fees was entered for Hoenstine.
At the close of Hoenstine's case, Sowers moved for a directed verdict on the ground that Hoenstine failed to comply with sections 713.05 and 713.06(3)(d)(1), Florida Statutes (1979). Section 713.05 provides in relevant part that:
A lienor, except a laborer or materialman, who is in privity with the owner and claims a lien under this section shall furnish the contractor's affidavit required in § 713.06(3)(d).
Section 713.06(3)(d) states in part that: When the final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not. (emphasis added)
Sowers contends that Hoenstine was required to file a contractor's affidavit under these sections and that his failure to do so barred him from maintaining this lawsuit. See Saleh v. Watkins, 415 So.2d 858 (Fla. 5th DCA June 23, 1982); Atlantic Gardens Landscaping v. Boca Raton Land Dev., 360 So.2d 1278 (Fla. 4th DCA 1978); Leader Mortgage Co. v. Rickards Electric Service, 348 So.2d 1202 (Fla. 4th DCA 1977); Brown v. First Federal Savings of New Smyrna, 160 So.2d 556 (Fla. 1st DCA 1964). It is clear that the filing of a contractor's affidavit is jurisdictional and a condition precedent to the right to maintain an action to foreclose a mechanic's lien. While Sowers made no attempt to secure the dismissal of the lawsuit prior to trial, which he should have done before filing a responsive pleading, see, e.g., Saleh v. Watkins, the matter may be raised by a motion for a directed verdict. Atlantic Gardens; Leader Mortgage Co.
Hoenstine contends that the filing requirement is not applicable to him because he was not a "contractor," but rather was a "sub-contractor." See Fontainebleau Hotel Corp. v. Lowry Electric Co., 269 So.2d 738 (Fla. 3d DCA 1972); Art Berman Concrete, Inc. v. Sey Construction Corp., 247 So.2d 791 (Fla. 3d DCA 1971). The installation of the pad was only a small part of the improvements being made. Hoenstine contends that the "contractor" was the person *1139 responsible for the larger portion of the work. There is no dispute that Hoenstine was hired by the owner, Sowers, and was to be paid by him.
Hoenstine's argument is without merit. Under the Mechanic's Lien Law, a "contractor" is defined in relevant part as: "A person other than a materialman or laborer who enters into a contract with the owner of real property for improving it... ." § 713.01(2), Fla. Stat. (1979). In Leader Mortgage Co. v. Rickards Electric Service, the court relied on this definition in rejecting the argument of a lienor who contended that he was a sub-contractor and did not have to comply with the affidavit requirement. The court pointed out that the lienor:
[M]ade a direct contract with the owner and was in privity with said owner. The contract provided, inter alia, that [lienor] furnish all labor, tools, materials and equipment necessary to complete all electrical work... .
348 So.2d at 1205.
In Brown v. First Federal Savings of New Smyrna, the court, confronted with a lienor who agreed to furnish and install all plumbing materials on a development project, observed that:
Generally, it may be said that where the owner contracts directly with one whose only obligation is to alone render personal services incident to the improvement, or with a materialman whose only obligation is to furnish materials to the project, and if the contract is one which under customary business practices excludes the notion that the services of a sub-contractor are likely in order to consummate it, [then compliance with affidavit requirement is excused]. However, where as in this case the property owner contracts with one who undertakes to furnish labor and materials, either or both, incident to distinct phases of a multiple improvement and over-all project, the transaction takes on the character of one which under normal business practices is likely to or may be prosecuted by means of sub-contracts involving the furnishing of labor and materials, either or both, by third parties; and under such circumstances the efficient purpose served by the [affidavit] is apparent.
160 So.2d at 561.
The court in Brown ultimately declared that:
[A]lthough the owner may be performing or supervising some of the work on the project, those with whom he contracts directly to furnish labor and materials, other than a laborer or materialman, are themselves contractors within the definition of that term as contained in the Mechanics' Lien Law.
Id. at 563. See also Atlantic Gardens (fact that owner is also acting as his own general contractor does not excuse claimant who is "contractor" within meaning of section 713.01(2) from furnishing affidavit).
Here Hoenstine contracted directly with Sowers, the landowner, to furnish labor and materials to construct a concrete pad on Sower's property. It is true that Sowers controlled and performed other aspects of the construction, such as placing holding tanks below the area to be padded, leveling and packing the dirt in the area and supplying some materials to Hoenstine to build forms that were to be used. However, this did not alter Hoenstine's status as a "contractor" under section 713.01(2), since the contract between Sowers and Hoenstine was of the type that could have involved the use of sub-contractors. Therefore, under section 713.06(3)(d), an affidavit was required to be filed prior to institution of suit. When Hoenstine's failure to comply with this jurisdictional requirement was brought to the court's attention via the motion for a directed verdict, the court should have granted the motion and dismissed the complaint.
Sowers has moved for an award of attorney fees pursuant to section 713.29, Florida Statutes. The motion is granted for the services of Sowers' attorney on appeal. We remand for determination of a reasonable fee.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.