STONE, Judge.
The appellant-sign contractor failed to serve a contractor’s affidavit prior to suit as required for the foreclosure of a mechanic’s lien by section 713.06(3)(d)l, Florida Statutes (1985). That section provides:
The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not.
The trial court, having previously dismissed the complaint with leave to amend, granted a motion to dismiss the amended complaint with prejudice.
Appellant concedes the failure to comply with the statute, but claims that its un-sworn allegation in the amended complaint, stating that there were no subcontractors involved, and that the contract called for Bishop Signs to supply the labor and material, excuses its lack of compliance with the mechanic’s lien law. Bishop Signs, Inc. is a contractor within the definition of section 713.01(2), Florida Statutes (1985).
Appellant also seeks, in the alternative, that we remand this cause so that it would have the opportunity to file an affidavit at this time. Appellee has cross-appealed, contending that the court erred in finding that their title had not been slandered by the filing of the unexecuted and unverified claim of lien.
The filing of a contractor’s affidavit is a condition precedent to the maintenance of an action to foreclose a mechanic’s lien. Failure to serve the affidavit is generally a bar to such an action. See Leader Mortgage Co. v. Rickards Electric Service, Inc., 348 So.2d 1202 (Fla. 4th DCA 1977); Sowers v. Hoenstine, 417 So.2d 1137 (Fla. 5th DCA 1982); Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3d DCA 1975). Failure to comply with the statute will result in dismissal of the foreclosure unless the lienor is able to excuse *534 compliance under circumstances that obviate the requirement of strict compliance. See Atlantic Gardens Landscaping, Inc. v. Boca Raton Land Development, Inc., 360 So.2d 1278 (Fla. 4th DCA 1978); McMahan Construction Co., Inc. v. Carol’s Care Center, Inc., 460 So.2d 1001 (Fla. 5th DCA 1984); Brown v. First Federal Savings & Loan Association of New Smyrna, 160 So.2d 556 (Fla. 1st DCA 1964). Appellant here fails to allege facts constituting such an exception.
Appellant relies on Orange Plumbing & Heating Co. v. Wolfe, 89 So.2d 671 (Fla.1956), and Brown. However, Brown itself sets the standard by which the appellant’s contention fails:
[Dismissal is proper unless the complaint shows that the sworn statement was furnished or alleges facts clearly avoiding the necessity to furnish it, and the circumstances peculiar to each case govern. Where the facts are such that any doubt exists as to whether the sworn statement is required, the issue should be resolved in favor of strict compliance with the statutory requirement because, first, the Mechanics’ Lien Law affords the lienor a right not accorded by the common law, and secondly, the statutory sworn statement was designed to protect the property owner against very real dangers inherent in the creation of the lien upon his property.
Id. at 561. Appellant argues that this is not a large project. However, the size of the project is not a significant consideration to the Brown exception. The applicable concern should be whether it is the type of contract which, by its nature, does not entail the services of subcontractors or the furnishing of labor or material by others. See Brown at 561 and 563.
This case has been pending since the summer of 1981. There is no contention that appellant has ever sought leave to amend to further excuse compliance with the statute, or that it has ever sought to tender an affidavit prior to this appeal. Therefore, McMahan Construction Co. v. Carol’s Care Center, Inc., relied upon by appellant, is inapplicable.
There is no single test to determine the precise contents of a complaint which will satisfy the exception to the rule. In Smyler v. Katzen, 289 So.2d 477 (Fla. 3d DCA 1974), the court was of the view that there were sufficient allegations in the complaint to meet the test. Here, there are not, as the contract is of the type that might involve others in its performance. See Sowers v. Hoenstine. Here, not only is it arguable that work and materials could be furnished by other subcontractors or laborers, but such may even have been contemplated with respect to at least the electrical portion of the job. We conclude that the owner under these facts is entitled to the protection afforded by the statute and that there was no error in dismissing the complaint. With respect to the cross appeal, Bishop has failed to provide us with an adequate record from which to grant the relief requested. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Kauffmann v. Baker, 392 So.2d 13 (Fla. 4th DCA 1980).
We therefore affirm the judgment of the trial court.
GUNTHER, J., and POLEN, MARK, Associate Judge, concur.