PER CURIAM.
Appellant Sunair Development Corporation (Sunair) challenges an amended final judgment entered in a mechanic’s lien foreclosure suit in favor of appellees Herbert W. Gay and Renovations, Inc. (both of whom are hereinafter called Renovations). For the reasons stated below, we reverse the trial court’s judgment and dismiss the complaint.
In a contract executed in January 1984, Renovations agreed to furnish materials and perform labor and services for the improvement of real property owned by Sunair. They were to perform subcontracting work involving carpentry and painting in two buildings within Sunair Plaza. The work commenced immediately after the contract was executed and progressed uneventfully.
On July 31, 1984, Renovations completed their performance under the contract and demanded the balance remaining due. Payment was not forthcoming, and on October 11, 1984, Renovations filed a claim of lien and then sued to foreclose on the lien. Following a bench trial, an amended final judgment for $15,060.50 plus $2,000 in attorney fees was entered in favor of Renovations. This timely appeal followed.
At the close of Renovations’ case, Sunair moved for a directed verdict on the ground that Renovations failed to comply with sections 713.08(5) and 713.06(3)(d)l, Florida Statutes (1985). Section 713.08(5) provides in relevant part:
The claim of lien may be recorded at any time during the progress of the work or thereafter but not later than 90 days after the final furnishing of the labor or services or materials by the lienor; ....
Section 713.06(3)(d)l provides in part that:
The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not.
*1363 Sunair contends that Renovations failed to file their claim of lien within the ninety-day period as prescribed by section 718.08(5). The record reflects that Renovations recorded their claim of lien on October 11, 1985, well within ninety days of July 31, 1985, the last day on which Renovations furnished labor, services or materials to Sunair. Therefore, we conclude that there was compliance with the filing requirements of section 713.08(5).
Sunair further contends that Renovations were required to file a contractor’s affidavit under section 713.06(3)(d)l and that their failure to do so barred them from maintaining the lien foreclosure suit. See Sowers v. Hoenstine, 417 So.2d 1137 (Fla. 5th DCA 1983). Renovations, on the other hand, contend that since Sunair failed to raise the issue of noncompliance in a motion to dismiss, the defect was waived. This argument cannot be sustained in view of Sowers. In Sowers, the owner also failed to raise noncompliance with the mechanic’s lien statute in a pre-trial motion to dismiss. Instead, the matter was raised in a motion for directed verdict. The fifth district held that the timely delivery of the contractor’s affidavit to the owner was jurisdictional and a condition precedent to the filing of an action by the contractor to foreclose a lien. § 713.06(3)(d)l, Fla.Stat. (1985). The fifth district further held that when the contractor’s failure to comply with the filing requirements was brought to the trial court’s attention on a motion for directed verdict, the trial court should have granted the motion and dismissed the complaint. We agree. Here, Sunair raised Renovations’ noncompliance with the statutory filing requirements as an affirmative defense and in a motion for directed verdict at the close of Renovations’ case in chief. As in Sowers, the trial court should have granted the motion and dismissed the case.
Because of our disposition, we need not address Sunair’s remaining points on appeal.
Accordingly, we reverse and direct entry of a judgment in favor of appellant.
DANAHY, C.J., and LEHAN, J., and BOARDMAN, EDWARD F., (Ret.), J., concur.