197 So.2d 13 (1967)
Arnold A. OPER and Eileen A. Oper, His Wife, Appellants,
v.
RUSSELL, INC., a Florida Corporation, Appellee.
Nos. 66-537, 66-550.
District Court of Appeal of Florida. Third District.
March 28, 1967.
Rehearing Denied April 17, 1967.
*14 Sponder & Bloom, North Miami, for appellants.
Lurie & Capuano, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
SWANN, Judge.
Appellants, Arnold A. Oper and Eileen A. Oper, his wife, challenge a final decree in favor of Russell, Inc., appellee.
The final decree established a mechanic's lien on Opers' real estate; required them to pay Russell, Inc. the sum of $2,861.17, or suffer a sale of their property, and granted a $3,500 fee for services rendered to Russell's attorney.
Appellants present several points for reversal. The first is that the court erred in not dismissing the complaint when the plaintiff (Russell, Inc.) never furnished the Opers with a contractor's affidavit as a prerequisite to its suit to enforce a mechanic's lien in compliance with the Florida Statutes.
The Opers moved to dismiss the complaint for failure to state a cause of action because the plaintiff did not give them the required statement under oath that all lienors had been paid in accordance with Section 84.061(3) (d)1, Florida Statutes, F.S.A., which provides:
"The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services or materials furnished under the direct contract while in default by reason of not giving the owner such affidavit. The contractor shall execute said affidavit and deliver it to the owner at least five days before instituting suit as a prerequisite to the institution of any suit to enforce his lien under this chapter." (Emphasis supplied)
The Opers' motion to dismiss was denied. They again raised this point, without success, at the close of Russell's case.
The record indicates that Russell sought to foreclose a lien on the Oper real estate for materials, services and labor furnished by it in the purchasing and planting of shrubbery, plants and trees, and that it included, but was not limited to landscaping, servicing, trimming, fertilizing, spraying, leveling and grade filling to be placed and planted on the property. The complaint alleged this was to be done in accordance with an agreement to pay (Russell) the sum of *15 $2,915.75 for these materials, services and labor.
In Belcher v. Russell[1] this court distinguished between a materialman and contractor. It was noted that a contractor "is one whose activity on the land and whose contract with the owner necessarily imply the probable existence of `lienors contracting directly with or directly employed by such contractor,'". Russell, Inc., in the case before us, falls into this category. Russell, Inc. claimed a specific sum due for labor, services, and materials furnished under a contract. Its exhibits contained claims and estimates which included shrubbery, gravel, boulders, street markers, sand, grass, a pump, labor, damage to sprinklers, and monies due a hardware store for supplies used in connection with this job. In short, the scope of its operation was complex enough so that there were likely to have been other persons with whom Russell dealt in this operation who would be unknown to the Opers.
In a similar case involving the Mechanic's Lien Law of 1935,[2] the Supreme Court held that the contractor must allege in his complaint sufficient facts to show compliance with the statute and that the statute made the sworn statement a prerequisite to the acquiring of a lien by the contractor.
In Belcher v. Russell,[3] this court discussed the rationale behind this prerequisite to instituting action. It was noted that the owner is entitled to protection from the risk of double payment where the operation is sufficiently complex so that other potential lienors, about whom the owner has no knowledge, are likely to be brought in by the contractor.
An individual who furnished materials and performed work for dirt fill and grading under a direct agreement with the land owner, was held to be a "contractor" who must give the owner the required statement under oath in order to properly foreclose an alleged mechanic's lien.[4]
Similarly, in Brown v. First Federal Sav. & L. Ass'n. of New Smyrna,[5] it was held, after an extended discussion of the cases, that the statute must be complied with by a contractor prior to his instituting action. Appellants cite Orange Plumbing & Heating Company v. Wolfe[6] as authority for the rule that a sworn statement was not necessary when dealing directly with the owner. That case deals with a "materialman" as opposed to a "contractor". The Supreme Court held there that a materialman who was in direct privity with an owner-contractor was not required to give the owner the sworn statement concerning payment of lienors.
The Mechanic's Lien Law of 1963, Section 84.061(3) (d)1, Florida Statutes, F.S.A., in our opinion, requires the sworn statement to the owner from a contractor. The chancellor therefore erred in not dismissing the complaint for failure to comply with the statute. The parties may still have their remedy at law, however, for damages, for breach of contract upon satisfactory complaint and proof.
Having determined that the chancellor erred in not dismissing the complaint, it necessarily follows that the award of attorney's fees is invalid. It is not necessary for us to treat the other points claimed for reversal. The cause is therefore
Reversed.
NOTES
[1] Fla.App. 1961, 128 So.2d 623.
[2] Dodson v. Florida Nursery & Landscape Co., 138 Fla. 887, 190 So. 695 (1939).
[3] Supra n. 1.
[4] Pope v. Carter, Fla.App. 1958, 102 So.2d 658.
[5] Fla.App. 1964, 160 So.2d 556.
[6] Fla. 1956, 89 So.2d 671.