WALDEN, Chief Judge.
Plaintiff in an action for foreclosure of a mechanic’s lien here appeals an order granting defendants’ motion to dismiss. We affirm.
The complaint alleged that plaintiff, based on an oral or implied contract with defendants, furnished “labor, services, or materials consisting of engineering plans, designs, and specifications.”
Defendants filed their motion to dismiss the complaint for failure to state a cause of action because the plaintiff failed to allege that it had given them a statement under oath that all lienors had been paid in accordance with F.S.A. § 84.061(3) (d) l.[1]
Defendants’ motion to dismiss was granted. Davis Engineering appeals, contending that F.S.A. § 84.061(3) (d) 1 applies only to contractors and, therefore, is inapplicable to an architect who obtains his lien pursuant to F.S.A. § 84.031(2), which provides for liens for suppliers of professional services.[2]
Both sides to this appeal have cited Oper v. Russell, Inc., Fla.App.1967, 197 So.2d 13, in support of their respective positions. In the Oper case the district court reversed a final decree establishing a lien for materials, services and labor furnished in the pur *829 chasing and planting of shrubbery, plants and trees for failure to comply with F.S.A. § 84.061(3) (d) 1.
The court in the Oper case set out certain principles applicable when in dispute is whether a lien claimant is a materialman or a contractor. In accord with the rationale of protecting the owner “from the risk of double payment where the operation is sufficiently complex so that other potential lienors, about whom the owner has no knowledge, are likely to be brought in by the contractor,”[3] a contractor was defined as “one whose activity on the land and whose contract with the owner necessarily imply the probable existence of ‘lienors contracting directly with or directly employed by such contractor.’ ”[4] But we are not here concerned with a claimant lying unclearly between the classifications of materialman and contractor. Thus the Oper test is inapplicable.
The issue that is before us is whether an architect who acquires a lien for professional services pursuant to F.S.A. § 84.031 (2)is a contractor and therefore must file a contractor’s affidavit in accordance with F.S.A. § 84.061(3) (d) 1.
F.S.A. § 84.011 defines the terms used throughout the Mechanics’ Lien Law. There are but three basic classifications of lien claimants reflected in the definitions:
“(2) Contractor means a person other than a materialman or laborer who enters into a contract with the owner of real property for improving it, or who takes over from a contractor as above defined the entire remaining work under such contract.
“ * * *
“(9) Laborer means any person other than an architect, landscape architect, engineer, land surveyor and the like who, under properly authorized contract, personally performs on the site of the improvement labor or services for improving real property and does not furnish materials or labor service of others.
“ * * *
“(11) Materialman means any person who furnishes materials under contract to the owner, contractor or subcontractor on the site of the improvement or for direct delivery to the site of the improvement or for specially fabricated materials off the site of the improvement for the particular improvement, and who performs no labor in the installation thereof.”
Suppliers of professional services are expressly excepted from the definition of laborers. And, from the definition of a materialman, it is apparent that a professional is not included within the classification. Since it is manifestly clear that a professional is neither a laborer nor materialman within the terms of the definitions, by process of elimination, a supplier of professional services comes under the category of a contractor.
Davis Engineering has sought to avoid the inevitable conclusion of such an argument by, in effect, asserting that architects, as suppliers of professional services, constitute a new and distinct category of lienors apart from laborers, materialmen and contractors. We disagree.
We are mindful that liens for professional services are covered in a separate section of the Mechanics’ Lien Law. Yet, even within that section, it is provided that the professional is “subject to compliance with and the limitations imposed by this chapter.” Therefore, we hold that compliance with F.S.A. § 84.061 (3) (d) 1 is one of the limitations placed upon lien claimants for professional services.
*830 We take judicial notice that the modern practice of architecture is complex. Commonly it is necessary for an architect to employ structural engineers, mechanical engineers and other specialists to prepare portions of plans and specifications. By employing these specialists, an architect subjects the owner to other potential lienors.[5]
It is a simple matter for an architect to file an affidavit with the owner. Therefore, requiring an architect to file a contractor’s affidavit pursuant to F.S.A. § 84.061(3) (d) 1 imposes little burden and accords with the purpose of that section, protection of the owner from the risk of double payment.
Affirmed.
ANDREWS and McCAIN, JJ., concur.

. “The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services or materials furnished under the direct contract while in default by reason of not giving the owner such affidavit. The contractor shall execute said affidavit and deliver it to the owner at least five days before instituting suit a prerequisite to the institution of any suit to enforce his lien under this chapter.”

. “Liens for professional services.—

“(2) Any architect, landscape architect, engineer or land surveyor who has a direct contract and who in the practice of his profession shall perform services, by himself or others, in connection with a specific parcel of real property and subject to said compliances and limitations, shall have a lien upon such real property for the money owing to him for his professional services, regardless of whether such real property is actually improved.”

. Oper v. Russell, Inc., Fla.App.1967, 197 So.2d 13, 15.

. Ibid. Quoting from Belcher v. Russell, Fla.App.1961, 128 So.2d 623.

.F.S.A. § 84.031(1).