274 So.2d 267 (1973)
C.A. DAVIS, INC., a Florida Corporation, and Joab, Inc., a Florida Corporation, Appellants,
v.
YELL-FOR-PENNELL, INC., a Florida Corporation, Appellee.
No. 72-727.
District Court of Appeal of Florida, Third District.
March 6, 1973.
Sepler & Sussman, Hialeah, and Irma V. Hernandez, Miami, for appellants.
Marchant, Perkins & Cook, and Joseph A. Caldwell, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
CARROLL, Judge.
This appeal is by the defendants below from an adverse judgment in an action for foreclosure of a mechanic's lien.
*268 By its complaint as amended the appellee Yell-For-Pennell, Inc. alleged that the defendant Joab, Inc. was the owner of certain property upon which it had engaged the defendant contractor C.A. Davis, Inc. to construct an apartment building; that Davis entered into a subcontract with the plaintiff for the latter to furnish certain plumbing supplies and labor; that in accordance therewith plaintiff furnished materials and labor during a stated period, alleging there remained due and unpaid therefor the sum of $12,066.54, for which the plaintiff claimed a lien on the property involved. Plaintiff alleged the giving of the preliminary notice to owner and due filing of its notice of lien and notice thereof to the owner. The plaintiff prayed for a determination of the amount due for such materials and labor plus interest and attorney's fees, and for foreclosure of its lien therefor.
The defendant contractor moved for summary judgment, and the plaintiff moved for summary judgment against the two defendants. The contractor's motion was denied. The plaintiff's motion was granted and summary judgment was entered in favor of the plaintiff against the defendants on liability.
Following trial on damages, final judgment was entered holding the plaintiff had established it was entitled to a lien for its materials and labor in an amount which the court found to be $11,438, plus interest of $2,172, making a total of $13,610. Since the interest allowed in the judgment was computed to a date that was approximately two and one half months prior to the date of the judgment, provision was made therein for the judgment to include additional interest to the date of payment. Pending the cause the lien had been transferred to a cash bond, represented by a deposit of money by the defendant Davis in the registry of the court. The amount found to be due the plaintiff was ordered to be paid therefrom, in satisfaction of the lien.
Additionally, in the final judgment the court granted judgment in favor of the plaintiff against the defendant contractor for $4,300 "as the net profit on the balance of the contract between the plaintiff and the defendant, C.A. Davis, Inc." By a separate order the plaintiff was awarded attorney fees.
The appellants challenge the sufficiency of the evidence to support the court's finding as to the amount due and owing for materials and labor for which the plaintiff was held to be entitled to a lien, and challenged the judgment against the contractor for damages for breach of contract, and the allowance of attorney fees to the plaintiff.
On the first and third of those contentions we find no merit. There was substantial competent evidence in the record to support the finding of the court that the plaintiff was entitled to a lien for materials and labor in the amount determined, which was substantially the amount claimed therefor by plaintiff in the complaint and in the lien notice. The appellant's objection to the allowance of attorney fees was on the ground that the plaintiff had submitted no evidence of having made a contract with its counsel for payment of fees thereto. In a suit for foreclosure of a mechanic's lien such evidence is not a prerequisite to the allowance of fees to the prevailing party. Section 713.29 Fla. Stat., F.S.A. provides: "In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs."
We find merit in the contention of the appellant C.A. Davis, Inc. that the separate judgment against it for damages for breach of contract was not proper. As pointed out by that appellant, the pleadings presented no basis therefor. The complaint as amended made no mention of breach of contract, and no claim for such *269 damages. No reference was made thereto in the affidavit of the plaintiff which was filed in support of its motion for summary judgment against the defendants on liability. The only reference thereto in the pleadings, as observed in the record, was in an affidavit of W.L. Pennell, president of the plaintiff, filed in opposition to the motion of the contractor C.A. Davis, Inc. for summary judgment. In that affidavit, among other things, it was stated that the contractor had informed the plaintiff of cancellation of the subcontract, by a letter of October 24, 1968. However, in that affidavit of the plaintiff no claim was made for damages therefor, and the only amount therein claimed to be due was the said sum of $12,066.54, as claimed in the complaint to be due to the plaintiff for materials and labor.
Notwithstanding the matter of breach of contract or damages therefor was not within the pleadings, the trial court proceeded on the theory that allowance of such damages was authorized or provided for by § 713.28 Fla. Stat., F.S.A. In so concluding the trial court was in error. Section 713.28 does not make provision for granting a money judgment other than for an amount due to a lien claimant for which he would be entitled to a lien under the Mechanics' Lien Law. Thereunder, if for some reason a lien claimant is unable to establish a lien "for the full amount found to be due him in an action to enforce the same," a money judgment can be entered for the excess thereof over the portion for which he establishes a valid lien. An action for breach of contract is not a claim for or upon which a lien could be established and enforced under the Mechanics' Lien Law, and therefore, it would appear does not come within the provisions of § 713.28 Fla. Stat., F.S.A. See Surf Properties v. Markowitz Bros., Fla. 1954, 75 So.2d 298; Broderick v. Overhead Door Co. of Fort Lauderdale, Fla.App. 1959, 117 So.2d 240; Emery v. International Glass & Mfg., Inc., Fla.App. 1971, 249 So.2d 496.
Accordingly, the judgment is modified by eliminating therefrom the judgment in favor of plaintiff against the defendant C.A. Davis, Inc. for the sum of $4,300 for damages for breach of contract.
For the reasons stated, the judgment is affirmed in part and reversed in part and modified, as and in the respects set out hereinabove.