PER CURIAM.
In this cause we considered whether we should review by conflict certiorari the decision of the District Court of Appeal, Third District, in Eastland Investment Co. v. J. R. Trueman & Associates, Inc. et al. (1973), 287 So.2d 365.
It initially appeared to us that conflict of decisions conferring jurisdiction to review existed. However, after study and hearing oral arguments it appears our taking jurisdiction was improvident. For example, conflict was urged by Petitioner Eastland Investment Company with Davis Engineering, Inc. v. Purcel (Fla.App.1967), 202 So.2d 827, insofar as the mechanic’s lien claim of Mark D. Feinknopf, et al., architects, was concerned. After study we found no conflict existed because Feinknopf’s firm was selfcontained and its architectural contract with owner prior to construction of the work did not give rise to any other potential lienors requiring the statutory affidavit of Feinknopf as a contractor. Similarly, in regard to the construction contract of J. R. Trueman & Associates, Inc., the facts demonstrated Trueman had not proceeded further with the work than entering into preliminary negotiations with subcontractors before its services as contractor was terminated, thereby precluding the necessity of its furnishing a sworn statement.
The writ is discharged.
ADKINS, C. J., and ROBERTS, ERVIN, BOYD and McCAIN, JJ., concur.