312 So.2d 769 (1975)
MARDAN KITCHEN CABINETS, INC., Appellant,
v.
Arthur G. BRUNS, Appellee.
No. 74-1212.
District Court of Appeal of Florida, Third District.
May 13, 1975.
Courshon & Berk, Miami Beach, and Matt Weinstein, So. Miami, for appellant.
Brickman, Male & Bloom and Stephen Freeman, Miami, for appellee.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This is an appeal by the plaintiff, Mardan Kitchen Cabinets, Inc., from a final judgment dismissing without prejudice, the complaint to foreclose mechanics lien, discharging the notice of lis pendens, denying the plaintiff's motion to amend and awarding attorneys fees to the defendant, Arthur G. Bruns.
In March of 1973, Mardan recorded a claim of lien on Bruns' property and then filed a complaint for foreclosure of the mechanic's lien, claiming monies due for custom cabinet work performed pursuant to a contract. Bruns answered and filed a counterclaim. Three days before the final hearing, Mardan mailed Bruns, for the first time, an affidavit stating the names *770 of and amounts owed to unpaid lienors and payment to all other lienors, and submitted a copy thereof to the court together with a motion to amend the complaint to reflect compliance with § 713.06(3)(d)1, Fla. Stat. Bruns then moved to dismiss the complaint for noncompliance with the requirements of such statute in that the affidavit had not been delivered to him at least five days before suit was filed, which he contends is a statutory prerequisite to the institution of any suit to enforce a lien. At the hearing, the trial court denied Mardan's motion to amend, granted without prejudice, Bruns' motion to dismiss the complaint, discharged the notice of lis pendens, dismissed Bruns' counterclaim without prejudice, and finding Bruns to be the prevailing party, granted his motion for attorneys fees.
Mardan contends that the court erred in denying its motion to amend, in dismissing the complaint without prejudice since the complaint stated a viable claim for an action in contract for work done and materials furnished, and in awarding attorneys fees to Bruns, since the prevailing party in such a lawsuit could be determined only at the conclusion of the contract action. We disagree with all three contentions.
The court was correct in denying the motion to amend and in dismissing the complaint without prejudice since neither the complaint alone nor with the amendment added to it, could present a valid action for mechanic's lien foreclosure. The affidavit is a statutory requirement, and dismissal for failure to comply therewith is proper. Oper v. Russell, Inc., Fla.App. 1967, 197 So.2d 13. Where the complaint fails to allege that the affidavit required by statute as a prerequisite to institution of suit has been filed, such omission is jurisdictional in nature and requires that the complaint be dismissed. Potts v. Orlando Building Service, Inc., Fla.App. 1968, 206 So.2d 221. Mardan's proposed amendment to add the allegation that an affidavit had been supplied was futile since the affidavit was not timely.
Although Mardan claims that the complaint states a cause of action in contract, it contains no mention of breach of contract or claim for such damages,[1] and we are of the opinion that absent sufficient allegations to constitute a contract action, dismissal without prejudice was proper. Mardan "... may still have (its) remedy at law, however, for damages for breach of contract upon satisfactory complaint and proof." Oper v. Russell, Inc., supra, at 15.
As to Mardan's third contention, § 713.29, Fla. Stat., provides that the prevailing party in an action to enforce a mechanic's lien is entitled to recover attorneys fees. A party such as Bruns, who successfully resists an action to enforce a mechanic's lien is the prevailing party and is entitled to attorneys fees under the statute. See Dominguez v. Benach, Fla.App. 1973, 277 So.2d 567.
Affirmed.
NOTES
[1] See C.A. Davis, Inc. v. Yell-for-Pennell, Inc., Fla.App. 1973, 274 So.2d 267, 268-269.