348 So.2d 328 (1977)
Stephen G. OPPENHEIM, Appellant,
v.
NEWPORT SYSTEMS DEVELOPMENT CORPORATION et al., Appellees.
No. 76-977.
District Court of Appeal of Florida, Third District.
January 4, 1977.
Rehearing Denied January 21, 1977.
Rehearing Granted January 25, 1977.
Original Opinion Adhered to February 11, 1977.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn and Joseph W. Downs, III, Miami, James J. Belcher, Fort Lauderdale, for appellant.
Williams, Salomon, Kanner & Damian and Gary S. Brooks, Miami, for appellees.
Before HENDRY, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
This is an interlocutory appeal by the plaintiff below from an adverse partial summary judgment. Plaintiff, an architect, filed a complaint against Newport Systems Development Corporation, Meridian Investment Corporation and others, alleging that the defendants engaged the plaintiff architect to prepare plans and specifications and to perform architectural and structural services on a construction project; that such services were performed, and billed for in the amount of $143,247.62, of which $78,005.27 was paid, leaving an unpaid balance of $65,252.35; that a timely notice of lien therefor was filed and that there were no amounts owing to subcontractors and were no other outstanding liens.
In Count I the plaintiff sought foreclosure of the lien, against a bond to which the lien had been transferred. Alternatively, by additional counts the plaintiff sought damages for breach of contract. A copy of the claim of lien was attached to the complaint.
The defendants answered. The defendant, Meridian Development Corp., averred it had no ownership interest in the property and had no contractual relationship with the plaintiff.
The defendant Newport averred it had become sole owner. The answer pleaded, as an affirmative defense, that the plaintiff "has failed to allege and, in fact, has failed to meet the condition precedent to a valid lien in that he failed to submit an affidavit indicating all of his subcontractors have been paid".
Defendants moved for partial summary judgment, without specifying the scope *329 thereof, or the grounds therefor other than to state: "there is no genuine issue as to certain material facts and the defendants are entitled to a partial summary judgment as a matter of law".
The court entered a summary judgment in favor of Meridian Development Corp., eliminating that defendant from the cause. That ruling is not questioned on this appeal. The court also granted partial summary judgment in favor of the defendants on Count I, for foreclosure of lien, cancelling the plaintiff's recorded lien, and cancelling the bond filed therefor and discharging the surety on the bond. In the judgment the court reserved for further consideration matters involved in the other counts. The plaintiff appealed therefrom.
From the briefs and arguments of counsel it is revealed that the partial summary judgment precluding foreclosure of the lien was based on the failure of the plaintiff to have timely given to the owner a sworn statement of the kind referred to above, which is required by the section of the Mechanics' Lien Law relating to contractors, requiring such sworn statement to be given by a contractor when final payment is due under a direct contract. Section 713.06(3)(d)1, Florida Statutes 1975.
The appellant argues that an architect is not required to give such a sworn statement, and that if the architect was so required he was entitled to foreclose the lien because of the allegation of non-existence of any such unpaid subcontractors or outstanding claims of persons employed by him, and evidence which so established. The appellees contend the failure of the architect to timely give such sworn statement to the owner (and to so allege in the complaint) operated to invalidate the lien, whether or not, in fact, any such other claims are outstanding and unpaid.
On consideration of those positions of the parties, in view of the applicable law, we hold the failure of the architect to give the owner such sworn statement did not render the lien invalid.
In Hardee v. Richardson, 47 So.2d 520 (Fla. 1950) a contractor's complaint to foreclose a mechanic's lien failed to allege the contractor had given the owner a sworn statement of the kind above referred to. The defendant did not challenge the sufficiency of the complaint by a motion to dismiss based on that circumstance, but filed an answer to the complaint, denying that the plaintiff had complied with the Mechanic's Lien Law in that respect. The plaintiff sought leave to amend, to allege he had given to the owner such a sworn statement. The trial court entered an order denying the plaintiff's motion to so amend, and the plaintiff sought review by certiorari. The Supreme Court granted certiorari, and remanded the cause with direction that an order be entered permitting the amendment, although it appeared the sworn statement had not been given until after suit was filed.
The reasoning of the Court for so ruling in Hardee, as expressed in the opinion, was that the giving of such a sworn statement "should not be necessary to the acquisition of the lien but should operate to protect the owner against the possibility of paying more than once for the same item of labor or materials"; that while failure of the complaint to allege the giving of such a sworn statement might have been a good ground for moving to dismiss the suit, in view of the answer that defect was not basis for dismissal; and that under the circumstances of the case the amendment should have been allowed.
In Brown v. First Federal Savings & Loan Association of New Smyrna, 160 So.2d 556, 561 (Fla.1st DCA 1964) and Eastland Investment Co. v. J.R. Trueman & Associates, Inc., 287 So.2d 365, 367 (Fla.3d DCA 1974) it was held that ordinarily a general contractor must furnish such a sworn statement as a condition precedent to the right to maintain an action to foreclose a mechanics' lien "unless the complaint alleges facts clearly avoiding the necessity to furnish it, and the circumstances peculiar to each case govern."
If the requirement for a contractor to give such a sworn statement to the owner was applicable to the architect lien-claimant, *330 then his failure to do so and consequent failure of his complaint to allege compliance with that statutory requirement rendered his complaint subject to dismissal if challenged on that ground by motion to dismiss.
However, when that defect or omission was raised as a defense in answer to the complaint, the architect's failure to have given the sworn statement was not, ipso facto, ground for dismissal of the action to enforce the lien and was not ground for entry of a summary judgment in favor of the defendant, when the plaintiff alleged that there were no unpaid subcontractors, or other liens against the property, and no evidence to the contrary was submitted by the defendant. Where the evidence as to that issue was lacking or inconclusive on the motion for summary judgment, the issue was one for proof at trial.
This is so because if the plaintiff's allegation of absence of unpaid subcontractors or other lien claimants should be established at trial, the protection sought to be conferred on the owner in that regard by a preliminary sworn statement to that effect by the plaintiff would be accomplished.
Thus in Brown 160 So.2d at 562 it was held that when a party asserting a lien seeks to be excused from compliance with the statutory requirement to furnish such a sworn statement to the owner, as a condition precedent to the right to maintain an action to enforce the lien, it is a question of law as to whether the facts alleged are sufficient for that purpose, and it is necessary for the claimant of the lien to plead and establish facts excusing compliance with the statutory requirement.
We hold, therefore, that the defendants were not entitled as a matter of law to summary judgment in their favor on the plaintiff's count for foreclosure of his lien. In so ruling we have proceeded on the assumption, without so holding in this case, that the provision of the Mechanics' Lien Law requiring such a sworn statement by a contractor is applicable to an architect when seeking to foreclose a lien for professional services, as provided by Section 713.03 Florida Statutes 1974. But see Eastland Investment Co. v. J.R. Trueman & Associates, Inc., supra, 287 So.2d 365 (Fla.3d DCA 1974).
For the reasons stated, the partial summary judgment entered in favor of the defendants as to Count I of the complaint which sought foreclosure of the plaintiff's lien, and cancelling plaintiff's recorded lien and the bond filed to supplant the lien, is reversed, and the cause is remanded for further proceedings.
Affirmed in part, and reversed in part and remanded.
PEARSON, Judge (dissenting).
I would affirm upon authority of Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla.3d DCA 1975); and Potts v. Orlando Building Service, Inc., 206 So.2d 221 (Fla.4th DCA 1968).