348 So.2d 560 (1977)
Gerald B. FALOVITCH, Appellant,
v.
GUNN AND GUNN CONSTRUCTION COMPANY, Appellee.
No. 75-1606.
District Court of Appeal of Florida, Third District.
March 1, 1977.
As Amended on Denial of Rehearing May 4, 1977.
*561 Michael H. Weisser, North Miami Beach, Miller & Russell, Miami, for appellant.
Levine, Reckson & Reed, Miami, for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal by Gerald B. Falovitch, defendant in the trial court, from an adverse final judgment foreclosing a mechanic's lien. The sole issue in this appeal is whether the court erred in entering a final judgment foreclosing the mechanic's lien where the plaintiff, Gunn and Gunn Construction Company, failed to allege that it had furnished the defendant with a contractor's affidavit at least five days before instituting suit, as required by Section 713.06(3)(d)(1), Florida Statutes.
The plaintiff's complaint did not allege nor does the record reflect that the affidavit was served prior to the institution of suit or at any time thereafter. No motion was made to amend the complaint to so state. Defendant Falovitch moved to dismiss the complaint on the ground that it did not state a cause of action. The trial court denied the motion. At a later date and prior to trial, defendant filed another motion to dismiss on the ground that the plaintiff had failed to comply with Section 713.06(3)(d)(1), Florida Statutes, as a prerequisite to the institution of suit. This motion was also denied.
Section 713.06(3)(d)(1) provides that as a prerequisite the institution of any suit to enforce a lien under Chapter 713, the contractor must execute and deliver to the owner at least five days before instituting suit an affidavit stating that all lienors have been paid in full, or showing the names of all lienors not yet paid in full, and *562 the amounts due. Further, the contractor can have no lien or right of action against the owner under the direct contract while in default by reason of not having given the owner such affidavit. The cases hold that strict compliance with the Mechanic's Lien Law is an indispensable prerequisite to seeking affirmative relief thereunder. Partin v. Konsler Steel Company, 336 So.2d 684 (Fla. 4th DCA 1976), and cases cited therein. Where the plaintiff fails to serve the affidavit as required by statute as a prerequisite to the institution of suit, and a motion to dismiss is filed, it is incumbent upon the trial court to dismiss the claim for foreclosure of the mechanic's lien. See Oppenheim v. Newport Systems Development Corp., 348 So.2d 328 (Fla.3d DCA 1977), opinion filed January 4, 1977; Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla.3d DCA 1975); Potts v. Orlando Building Service, Inc., 206 So.2d 221 (Fla. 4th DCA 1968); Oper v. Russell, 197 So.2d 13 (Fla.3d DCA 1967).
Section 713.29, Florida Statutes, provides that the prevailing party in an action to enforce a mechanic's lien is entitled to recover a reasonable fee for the services of his attorney. As was held in Dominguez v. Benach, 277 So.2d 567 (Fla.3d DCA 1973) and the Mardan Kitchen Cabinets case, supra, a party who successfully resists a claim to enforce a mechanic's lien is the prevailing party, and that party is therefore entitled to reasonable attorney's fees.
Accordingly, we reverse and remand to the trial court with directions to vacate the final judgment foreclosing the mechanic's lien and to award a reasonable attorney's fee to defendant Falovitch as the prevailing party in the claim to enforce the mechanic's lien.
Reversed and remanded with directions.