352 So.2d 115 (1977)
DIVINE HOMES, INC., Donald L. Divine and Elizabeth Divine, Husband and Wife, Appellants,
v.
GULF POWER COMPANY, Appellee.
No. EE-249.
District Court of Appeal of Florida, First District.
November 10, 1977.
Rehearing Denied December 16, 1977.
Steven J. Baker of Hosner, Taylor & Van Matre, Pensacola, for appellants.
Robert P. Gaines of Beggs & Lane, Pensacola, for appellee.
MELVIN, Judge.
Appellant-defendant appeals from a final judgment of foreclosure of an equitable lien based upon the pleadings. The parties will be noted here as they were in the trial court.
Gulf Power Company alleged that defendant Divine Homes, Inc. contracted with it to install an underground electrical distribution system on defendant's Wilde Lake Estates subdivision for partial reimbursement of costs in the sum of $4,750. Gulf Power performed in obedience to the parties' written contract. Instead of paying the agreed installation costs when due, Divine Homes, Inc. transferred to innocent purchasers, without notice, all, save lot 19, of the subdivision lots, and then defendant conveyed that lot to its president, Donald L. Divine and Elizabeth Divine, who are also defendants. The final judgment charged *116 lot 19 with an equitable lien for the total sum due Gulf Power Company for its improvement that was of benefit to all of the subdivision lots.
Defendants admit all material allegations of the complaint but urge reversal, contending that: 1) the complaint fails to state a cause of action in that the contract fails to charge the property as security, and fails to allege non-existence of an adequate remedy at law, 2) absence of a promise to pay by individual defendants defeats equitable lien claim, and 3) the court erred in imposing upon lot 19 the totality of the lien claim.
One may be entitled to an equitable lien without meeting the requirements of the mechanic's lien statute. O.H. Thomason Builders' Supplies, Inc. v. Goodwin, 152 So.2d 797 (Fla. 1st DCA 1963), and Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969). The right to impress and foreclose an equitable lien is not limited to one particular set of circumstances. It may arise from any combination of facts and circumstances, the totality of which establish a right of a special nature to charge realty with improvement costs. Such rights may be based, among others, upon a written contract that evinces a purpose to charge the subject property for such costs, or equity may declare the existence of such lien upon equating basic concepts of that which is right and just, in the light of the relationship of the parties and all the circumstances of their contracts and dealings. See Imler Earthmovers, Inc. v. Schatten, 240 So.2d 76 (Fla. 1st DCA 1970) and cases therein cited.
Equity will not slumber while that which is wrong takes the place of that which is right. Having parted title with all, save lot 19, of the lots that should be held to answer for plaintiff's claim, such claim may not be defeated by the subterfuge of corporate conveyance of lot 19 to its president and to his wife, as individuals. In equity such title in them must be considered burdened with the total debt for the improvement lien.
The judgment appealed from is
AFFIRMED.
McCORD, C.J., and BOYER, J., concur.