PER CURIAM.
The final judgment under review is affirmed upon a holding that: (1) the trial court’s refusal to dismiss the mechanics lien count of the operative complaint, although error, was harmless because: (a) the trial court never ruled on the mechanics lien count and never foreclosed such lien in the final judgment, (b) the trial court still had subject matter jurisdiction over the remaining counts of the operative complaint by virtue of a valid good faith claim for an equitable lien pled in said complaint, Crane Co. v. Fine, 221 So.2d 145 (Fla.1969); Green v. Putnam, 93 So.2d 378 (Fla.1957); Tuttle/White Constructors, Inc. v. Hughes Supply, Inc., 371 So.2d 559 (Fla. 4th DCA 1979); Divine Homes, Inc. v. Gulf Power Co., 352 So.2d 115 (Fla. 1st DCA 1977); Art. V, § 5(b), Fla.Const.; § 26.012(2)(c), Fla.Stat. (1979), which jurisdiction was not divested when the court after trial took no action on the equitable claim of lien and rendered a money judgment for the appellee on the breach of contract claim for less than $2,500, Emery v. International Glass & Manufacturing, Inc., 249 So.2d 496 (Fla. 2d DCA 1971); Tomayko v. Thomas, 144 So.2d 335, 337 (Fla. 3d DCA 1962), cert. discharged, 151 So.2d 272 (Fla.1963); (2) there was no right under the applicable contracts herein to arbitrate the total controversy in this cause, and, to the extent that a right to arbitrate part of the controversy might have existed, such right was clearly waived by the appellants, 4 FLA.JUR.2d, “Arbitration and Award” § 13 (1978) and cases collected; and (3) the other claimed errors urged by the appellants have no merit.
Affirmed.