415 So.2d 858 (1982)
Mohsen M. SALEH, Appellant,
v.
Cecil WATKINS, D/B/a Marion Fence, Appellee.
No. 81-1266.
District Court of Appeal of Florida, Fifth District.
June 23, 1982.
*859 Thomas D. Sawaya, Ocala, for appellant.
Gregory E. Tucci of Berk & Tucci, P.A., Ocala, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a final judgment establishing a mechanic's lien against the real property of the owner/appellant, Mohsen M. Saleh. The lower court awarded the contractor/appellee, Cecil Watkins, d/b/a Marion Fence, the amount of the claim of the lien plus interest and costs.
The owner moved to dismiss the cause on the ground that the contractor failed to comply with the requirements of section 713.06(3)(d)1, Florida Statutes (1981). The trial court granted the owner's motion to dismiss, but allowed the contractor leave to file an amended complaint. At the hearing on the motion to dismiss, the trial court was aware that the contractor had not yet filed the required affidavit under section 713.06(3)(d)1, and that he intended to file the affidavit five days prior to filing his amended complaint which would allege service of the affidavit. The owner contends that the trial court erred in allowing the contractor leave to file an amended complaint because the contractor's noncompliance with section 713.06(3)(d)1 rendered such an amendment futile. We agree.
Section 713.06(3)(d)1, Florida Statutes (1981) provides:
(3) The owner may make proper payments on the direct contract as to lienors under this section, in the following manner:
* * * * * *
(d) When the final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not. (emphasis added).
This section must be strictly construed and strict compliance with the mechanic's lien law is an indispensable prerequisite to seeking affirmative relief thereunder. Section 713.37, Florida Statutes (1981); Falovitch v. Gunn & Gunn Construction Company, 348 So.2d 560 (Fla. 3d DCA 1977). As stated by the court in Ramada Development Company v. Rauch, 644 F.2d 1097 (5th Cir.1981):
The five-day delivery requirement is far from insignificant to the Florida courts. Failure to allege service of the affidavit, as required, results in a dismissal of the claim upon motion. Falovitch v. Gunn & Gunn Constr. Co., 348 So.2d 560 (Fla. Dist. Ct. App. 1977). The party seeking to enforce the lien has the burden of pleading and proving compliance with the statute. Atlantic Gardens Landscaping, Inc. v. Boca Raton Land Development, Inc., 360 So.2d 1278 (Fla. Dist. Ct. App. 1978). If the affidavit has not been timely delivered a *860 dismissal without leave to amend is proper even if the affidavit was, in fact, delivered, because amendment would be futile. Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. Dist. Ct. App. 1975).
Id. at 1109.
Amendment of the complaint in the instant case would only have been proper if the contractor would have been able to allege service of the affidavit in compliance with section 713.06(3)(d)1. Ramada Development Company v. Rauch, 644 F.2d 1097 (5th Cir.1981); Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3d DCA 1975). Having allowed amendment of the complaint and it being apparent that the complaint still did not allege that the required affidavit was served at least five days before instituting the suit, the court should have dismissed the amended complaint because the amendment was futile. The evidence and the testimony of the contractor at trial showed that section 713.06(3)(d)1 had not been complied with and, therefore, the court should have granted the owner's motions to dismiss made at trial. Finally, because the contractor failed to prove at trial that he complied with section 713.06(3)(d)1, the lower court erred in entering judgment in favor of the contractor.
Pursuant to section 713.29, Florida Statutes, a party who successfully resists a claim to enforce a mechanic's lien is the "prevailing party" and, hence, entitled to a reasonable attorney's fee. Falovitch v. Gunn & Gunn Construction Co., 348 So.2d 560 (Fla. 3d DCA 1977). An owner who obtains a dismissal of a complaint for foreclosure of a mechanic's lien due to the contractor's failure to furnish the required affidavit under section 713.06(3)(d)1 is entitled to a reasonable attorney's fee. Id.; Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3d DCA 1975). Therefore, the owner, as the prevailing party in the claim to enforce the mechanic's lien, is entitled to an award of attorney's fees.
The final judgment establishing a mechanic's lien is reversed and remanded with directions to the trial court to vacate the judgment and to award the owner a reasonable attorney's fee.
REVERSED AND REMANDED WITH DIRECTIONS.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.