WENTWORTH, Judge.
The Department appeals an award of attorney’s fees granted to appellee Wong pursuant to § 110.309(5). Although we affirm the award in its entirety, we find that one of the numerous points raised by appellant warrants discussion.
The case involves extensive litigation before the Career Service Commission and this court arising out of the Department’s wrongful discharge of Wong in 1977. Wong, being the ultimately successful litigant, sought and was awarded attorney’s fees pursuant to § 110.309, Florida Statutes. The Department challenges the amount of the award, the procedure by which it was granted, and the sufficiency of the order. While we find these points to be without merit, we briefly address the contention, stated by the Department as point one on appeal, that “the commission erred in awarding attorneys fee when the employee had neither incurred nor contracted to pay such fee.” The asserted argument in support of the foregoing contention is that Wong neither contracted for nor incurred a liability for attorney’s fees because his lawyers had agreed not to look to him for payment, but to look to the courts for compensation in the event that their representation was ultimately successful.
Appellant would have this court promulgate a rule which would require a wrongfully discharged employee to prove that he or she had entered into an attorney/client contract in which the client agreed unconditionally to pay the attorney.[1] That such a rule would be in derogation of the spirit and intent of § 110.309 appears to us to be obvious. The purpose of providing for payment of wrongfully discharged employees’ attorneys’ fees is to insure that such employees, often with limited financial resources, are able to secure competent legal representation. To hold that an attorney who is willing to risk receiving no compensation at all may not, because of that willingness, receive an award under the statute would clearly not serve the legislative purpose.
AFFIRMED.
McCORD and BOOTH, JJ., concur.

. We note in passing that evidence of an attorney/client contract for payment of fees is not a prerequisite to statutorily allowed fees. Davis v. Yell-For Pennell, 274 So.2d 267 (Fla. 3d DCA 1973).