431 So.2d 277 (1983)
Mary HUTTON, Appellant,
v.
3-L ENTERPRISES, INC., Appellee.
No. 82-742.
District Court of Appeal of Florida, Fifth District.
May 12, 1983.
*278 Stephen A. Rappenecker, Gainesville, for appellant.
John D. Mussoline, Palatka, for appellee.
ORFINGER, Chief Judge.
This is an appeal from a final judgment entered in favor of the general contractor in a mechanics' lien foreclosure action. We reverse.
The complaint fails to allege the delivery to the owner of the contractor's affidavit required by section 713.06(3)(d)(1), Florida Statutes (1981), and the owner's motion to dismiss the complaint because of this omission was denied. That statute says:
(d) When the final payment under a direct contract becomes due the contractor:
(1) The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least five days before instituting any actions as a prerequisite to the institution of any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not.
We have previously held that the timely delivery to the owner of the affidavit is jurisdictional and is a condition precedent to the filing of an action by the contractor to foreclose a lien. Sowers v. Hoenstine, 417 So.2d 1137 (Fla. 5th DCA 1982). *279 Strict compliance with the mechanics' lien law is an indispensable prerequisite to securing relief thereunder. Salah v. Watkins, 415 So.2d 858 (Fla. 5th DCA 1982).
Appellee contends, however, that the contract was terminated before completion, because of non-payment of specified installments, and thus the affidavit is not required. This argument cannot be sustained, however, in view of the clear language of the cited statute which requires the affidavit "even if the final payment has not become due because the contract was terminated for a reason other than completion...", and of subsection (3)(c)(5), which says:
(3) The owner may make proper payments on the direct contract as to lienors under this section, in the following manner:
(c) When any payment becomes due to the contractor on the direct contract, except the final payment:
* * * * * *
5. If the contract is terminated before completion, the contractor shall comply with subparagraph (d)1.
Neither is this requirement of the statute satisfied by submitting affidavits from subcontractors or materialmen which, although reassuring, do not satisfy the mandatory requirement of the statute that the contractor supply the affidavit.
Finally, appellee argues that because he is a professional engineer, he is exempt from the requirements of furnishing the affidavit by virtue of section 713.03(3), Florida Statutes (1981), which provides, in essence, that persons who perform services as engineers (and certain others) need not furnish the affidavit required by section 713.06(3). The fallacy with that position is that while appellee may be a professional engineer, in this case he contracted to enlarge and improve a KOA campground owned by appellant, and was thus performing here as a contractor. Section 713.01(2) defines "contractor" as "a person other than a materialman or laborer who enters into a contract with the owner of real property for improving it... ." Appellee certainly falls within this definition, and was functioning as a contractor in the performance of the contract here.
The final judgment is reversed and the cause is remanded with directions to enter judgment for appellant.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.