GRIMES, Judge.
This appeal involves the propriety of a final summary judgment of mortgage foreclosure in favor of Henry Bachrach which eliminated a mechanic’s lien claim by Arabi Homes, Inc.
Bachrach sued to foreclose a mortgage executed by Treetops of Naples Development Corporation. Arabi was joined as a defendant because of a mechanic’s lien filed prior in time to the recording of Ba-chrach’s mortgage. Arabi filed an affirmative defense predicated on its mechanic’s lien and a counterclaim to foreclose the lien. Arabi alleged that Treetops owed it $31,932 on a “contract for materials and services” which was attached to its pleadings as a composite exhibit. The composite exhibit consisted of several invoices reflecting the sale of a modular condominium unit, the sale of overhead cabinets and marble lavatories, and the furnishing of labor for erection of the modular unit. Ba-chrach filed a motion to strike the affirmative defense and to dismiss the counterclaim upon several grounds, including the assertion that Arabi had failed to deliver the contractor’s affidavit required by section 713.06(3)(d)l, Florida Statutes (1981). Bachrach later filed a motion for summary judgment against all defendants.
At the hearing on the motions, Ba-chrach’s attorney argued that he was entitled to summary judgment because Arabi’s pleadings reflected that Arabi was a contractor and the pleadings contained no allegation of the delivery of a contractor’s affidavit. At this point, Arabi's attorney futilely argued that Arabi was not required to deliver a contractor’s affidavit because it was really a materialman. The court struck Arabi’s affirmative defense, dismissed Arabi’s counterclaim and entered summary judgment for Bachrach against all defendants.
Arabi’s pleadings seem to allege a single contract to furnish and erect a modular condominium unit and to furnish certain accessories. As such, Arabi would constitute a contractor under the Mechanics’ Lien Law, because one who performs installation labor cannot be a materialman. § 713.01(11), Fla.Stat. (1981). Therefore, the court properly struck the affirmative defense and counterclaim for failure to allege the delivery of a contractor’s affidavit. Falovitch v. Gunn & Gunn Constr. Co., 348 So.2d 560 (Fla. 3d DCA 1977).
On the other hand, the invoices attached to Arabi’s pleadings suggest that there may have been separate contracts. The labor invoice and each material invoice were dated at different times and none of them referred to each other. Obviously, Arabi cannot prevail if it entered into a single contract for materials and erection and simply rendered separate billings on a periodic basis. However, the file reflects the possibility that Arabi might succeed as a materialman on its claim for the cost of the modular unit and accessories.
We cannot unduly fault Arabi for failing to file affidavits to bolster its claim as a materialman because Bachrach did not include in its motion for summary judgment the contention that Arabi had failed to deliver the contractor’s affidavit. See Fla.R.Civ.P. 1.510(c). The entry of a summary judgment against Arabi was at least premature. Since Bachrach asserts that the summary judgment was entered against Arabi solely upon the basis of its *727 failure to deliver a contractor’s affidavit and only addresses that issue, we do not reach the other points discussed in Arabi’s brief.
We reverse the summary judgment as it relates to Arabi. We affirm the striking of the affirmative defense and the counterclaim but direct that Arabi shall be given a reasonable time within which to file amended pleadings.
BOARDMAN and DANAHY, JJ., concur.