460 So.2d 1001 (1984)
McMAHAN CONSTRUCTION COMPANY, INC., a Florida Corporation, Appellant/Cross-Appellee,
v.
CAROL'S CARE CENTER, INC., a Florida Corporation, Appellee/Cross-Appellant.
No. 83-1140.
District Court of Appeal of Florida, Fifth District.
December 20, 1984.
*1002 C. Allen Watts and Frederick B. Karl, Jr., of Fishback, Davis, Dominick, Bennett, Foster, Owens & Watts, Daytona Beach, for appellant/cross-appellee.
William T. Preston and John Roger Smith, of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., DeLand, for appellee/cross-appellant.
SHARP, Judge.
McMahan Construction Company, Inc. (McMahan) appeals from the dismissal of its amended complaint against Carol's Care Center, Inc., for failure to deliver to the owner (appellee), five days before filing this suit, the affidavit required by sections 713.06(3)(d) and 713.05, Florida Statutes (1983).[1] In its order, the trial court also denied McMahan's motion to file a second amended complaint wherein it alleged that an affidavit in compliance with section 713.06(3)(d) had been filed after the filing of this lawsuit, but more than five days before the motion to amend was filed. We reverse.
McMahan, a general contractor, filed its original complaint on December 12, 1982, seeking to foreclose a mechanics lien on appellee's property, stemming from its completed construction of a 134 bed nursing home, pursuant to a written contract with Carol's Care Center, Inc. It alleged the work was completed on June 11, 1982, and a total of $99,296.54 was owed for extras and the balance due under the contract. However, McMahan failed to allege that any affidavit was delivered to the owner/appellee as required by section 713.06(3)(d). That section provides:
(d) When final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of *1003 any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not. (Emphasis supplied).
Consistent with established precedent,[2] the trial judge allowed McMahan to file an amended complaint alleging compliance with section 713.06(3)(d)(1). Appellees cross-appealed this ruling by the trial judge. We find the cross-appeal without merit.
The amended complaint was filed on February 24, 1983. It contained three counts: one, for mechanic lien foreclosure; one for breach of contract; and one for unjust enrichment. In an effort to allege compliance with section 713.06(3)(d)(1), McMahan claimed its application and certificate for payment, prepared on an A.I.A. form, which it furnished appellee on September 2, 1982, complied with all the requirements of section 713.06(3)(d)(1). The certificate does not state it is an application for final payment, although that fact could be inferred from the figures on the face of the certificate. But in addition, there is no statement under oath that all lienors under the contract have been paid in full. McMahan argues that representation should be inferred from the warranties made by McMahan in its construction contract with appellee.[3]
We do not think the certificate meets the requirements of section 713.06(3)(d). Although no particular form is mandated by the statute, the intent of this section is to protect the owner from the hazard of having to pay twice for goods and services performed on or incorporated into improvements on his property. Hardee v. Richardson, 47 So.2d 520, 524 (Fla. 1950); Oper v. Russell, Inc., 197 So.2d 13 (Fla. 3rd DCA), cert. denied, 201 So.2d 552 (Fla. 1967). One tooth in the saw of this mechanism is to make the contractor subject to perjury charges if the facts stated in the affidavit are untrue. Climatrol Corporation v. Kent, 370 So.2d 394 (Fla. 3rd DCA 1979). It is doubtful that warranties made prior to the final application for payment and stated in the future tense would suffice for this purpose. § 713.35, Fla. Stat. (1983); Youngker v. State, 215 So.2d 318 (Fla. 4th DCA 1968).
Had this been all that occurred in this case, we would have affirmed the trial court's dismissal of the mechanic lien count. Hardee v. Richardson; Sowers v. Hoenstine, 417 So.2d 1137 (Fla. 5th DCA 1982); Atlantic Gardens Landscaping, Inc. v. Boca Raton Land Development, Inc., 360 So.2d 1278 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1361 (Fla. 1979); Falovitch v. Gunn & Gunn Construction Company, 348 So.2d 560 (Fla. 3rd DCA 1977). However, regardless of the trial court's action on the mechanic lien foreclosure count,[4] we think it erred in dismissing *1004 the other two counts as it clearly had jurisdiction to hear those matters.
On April 18, 1983, prior to the trial court's ruling on the amended complaint, McMahan filed a motion for leave to file a second amended complaint. Attached to the motion was the second amended complaint wherein McMahan alleged that on January 21, 1983, it furnished appellee with a contractor's affidavit stating that all lienors working on the improvement had been paid. This belatedly served affidavit apparently fully complied with section 713.06(3)(d)(1).[5]
In Askew v. County of Volusia, 450 So.2d 233 (Fla. 5th DCA 1984), we held that the statutory notice required by the sovereign immunity statute[6] could be given after the suit was filed, and that the trial court should either have allowed an amended complaint to be filed, or a new suit to stand. Although Askew did not involve the affidavit required by section 713.06(3)(d)(1) of the mechanic lien law, we recognized that our holding was irreconcilable with Saleh v. Watkins, 415 So.2d 858 (Fla. 5th DCA 1982), which did involve that section.
Saleh followed Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3rd DCA 1975) and held that the affidavit had to be delivered prior to the time the suit was filed. If it was not then the trial court had no recourse but to dismiss the mechanic lien foreclosure suit or enter judgment for the owner.
We receded from that view in Askew. Applying the concept of Askew to this case, the filing of the affidavit belatedly was not fatal to the mechanic lien foreclosure count. Since McMahan alleged the affidavit was filed five days before the amendment was sought, the trial court should have allowed the second amended complaint to be filed.
Accordingly, the order appealed disallowing the filing of the second amended complaint and dismissing counts two and three of the amended complaint are reversed.
REVERSED AND REMANDED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Section 713.05 provides, in pertinent part, "A lienor ... who is in privity with the owner and claims a lien under this section shall furnish the contractor's affidavit required in s. 713.06(3)(d)."
[2] Moore v. Crum, 68 So.2d 379 (Fla. 1953); Stern v. Perma-Stress, Inc., 134 So.2d 509 (Fla. 1st DCA 1961).
[3] Article 9.33 of the contract between the parties provides:

The Contractor warrants that title to all Work, materials and equipment covered by an Application for Payment will pass to the Owner either by incorporation in the construction or upon the receipt of payment by the Contractor, whichever occurs first, free and clear of all liens, claims, security interests or encumbrances, hereinafter referred to in this Article 9 as "liens"; and that no Work, materials or equipment covered by an Application for Payment will have been acquired by the Contractor, or by any other person performing Work at the site or furnishing materials and equipment for the Project, subject to an agreement under which an interest therein or an encumbrance thereon is retained by the seller or otherwise imposed by the Contractor or such other person.
[4] Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3rd DCA 1975); Oper v. Russell, Inc., 197 So.2d 13 (Fla. 3rd DCA), cert. denied, 201 So.2d 552 (Fla. 1967); Camps v. Cardenas, 389 So.2d 320 (Fla. 3rd DCA 1980); Divine Homes, Inc. v. Gulf Power Co., 352 So.2d 115 (Fla. 1st DCA 1977); Herman v. Bob Woschnik Construction, Inc., 336 So.2d 1 (Fla. 4th DCA 1976); see Oppenheim v. Newport Systems Development Corporation, 348 So.2d 328 (Fla. 3rd DCA 1977); Sorenson/Fletcher Construction Co. v. Grasso, 319 So.2d 194 (Fla. 4th DCA), cert. dismissed, 324 So.2d 90 (Fla. 1975).
[5] McMahan also alleged that no final affidavit was required of it because it had furnished owner with a payment bond pursuant to section 713.02(6), Florida Statutes (1983). See Walter Harvey Corp. v. Cohen-Ager, Inc., 317 So.2d 775 (Fla. 3rd DCA 1975); Oppenheim. We do not reach this latter point because of our disposition of the case on the basis of the sufficiency of the affidavit.
[6] § 768.28(6), Fla. Stat. (1983).