GLICKSTEIN, Judge,
concurring specially-
This is an appeal from that portion of the final judgment which recited the condominium association/appellee shall be entitled to “reasonable attorney’s fees_to be hereinafter set by the court after presentation of competent evidence.” Appellants sought rehearing, the denial of which is also being appealed, and contended no attorney’s fee should be awarded to anyone. However this issue is not ripe for review by this court since no award has actually been entered. This court lacks jurisdiction to review the attorney’s fee issue based upon Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981). However, it appears to this writer that the trial court erred in determining that the appellee was prevailing party in its suit against appellants, because the appellee clearly did not prevail on its ejection count.
The basic relief sought by the association in all of their three versions of complaints was to remove appellants from the dock space they were occupying; and the trial court ruled against them on that point. Seventeen months after the original complaint, appellee then sought alternative in-junctive relief against appellants’ storing flammable liquids other than in the fuel tank of their boat. Two months later they alleged appellants’ violation of association regulations regarding the use of boats and noise.
The relief which the association obtained was an injunction, restraining appellants from starting their boat’s engines at the dock between 10:00 P.M. and 8:00 A.M., and ordering appellants to comply, strictly and fully, with all other noise pollution rules and regulations so as not to disturb the peace and tranquility of all other unit owners in the condominium.
Trying to deprive appellants of possession was the dog and regulating their pos-sessory use in a certain way, if removal was unsuccessful, was the tail. The association did not prevail in its attempt to achieve the former; appellants did. Cf. Falovitch v. Gunn & Gunn Construction Co., 348 So.2d 560 (Fla. 3d DCA 1977) (party that successfully resists claim to enforce mechanics' lien is prevailing party).